In re MARRIAGE OF JOAN A. HAMMEL, Petitioner-Appellee, and H. ARTHUR HAMMEL, Respondent-Appellant.

Third District    No. 79-794

Opinion filed September 29, 1980.

Thomas M. Monahan, of Joliet, for appellant.

Harry C. McSteen, of McSteen, Phelan & Egan, of Joliet, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant H. Arthur Hammel, an attorney, appeals from an order of the Circuit Court of Will County providing for a division of property and award of attorney fees in a marriage dissolution proceeding.

According to the record on appeal, the petition of Joan A. Hammel for dissolution of her 26-year marriage to H. Arthur Hammel was granted on July 19, 1978, by Judge John F. Michela, without contest, and the questions of child custody, visitation, property settlement, and child support were set for hearing at a later date. On March 1, 1979, defendant filed a motion for

change of venue, alleging therein that he believed Judge Michela to be prejudiced against him and that no orders affecting substantive rights had been entered. Plaintiff opposed the motion, which was denied following a hearing.

At the hearing on the merits, evidence was adduced that defendant is a lawyer; that the parties were married in 1952 and have eight children, three of whom are still minors; that during their marriage the parties had acquired real estate having a net value of $1,167,700, and personalty having a total value of approximately $50,000; that ownership of the real estate and the commercial businesses was placed in plaintiff's sole name in order to protect those assets from potential claims against defendant; that these investments were all made from defendant's earnings and no gifts to plaintiff were intended; that plaintiff has been employed by a family business enterprise known as Treasure Island Trailer Court where she rents trailers and operates a dress shop, laundromat and a grocery store; that plaintiff's 1978 income from this business was $13,000; that plaintiff also received $24,000 as her one-half of the proceeds from the sale of two parcels of real estate during 1978; that defendant's net law income in 1978 was $2,600 although in the previous year he had earned over $30,000.

After the hearing was concluded, the trial court ordered plaintiff to receive custody of the three minor children together with $180 per week child support and $300 per month maintenance with maintenance to stop if she obtains $300 monthly net income from employment. The order also, *inter alia*, awarded to defendant certain shares of stock, mutual funds and bonds; sole ownership of Treasure Island, Inc.; the dealership licenses and inventories of the parties' various business enterprises; and 15 parcels of real estate. Plaintiff was awarded, *inter alia*, six parcels of real estate with defendant to make payments on all existing mortgages on three of the properties; all the household furnishings in the marital home, the vacation home, and the other real estate awarded to her; and $200,000 payable within eight years by quarterly payments at 10 percent interest with the unpaid balance to be a mortgage lien upon two parcels of the Treasure Island real estate. Defendant was also ordered to pay one-half plaintiff's attorney's fees of $15,000 and all her court costs of $1,733.65. Defendant has appealed, assigning as error (1) the denial of his motion for change of venue; (2) the provision for 10 percent interest on the unpaid balance of his debt to plaintiff; and (3) the award of attorney fees and costs.

Defendant's first contention is that he was entitled to a change of venue as a matter of right since his petition was timely, was in proper form, and was in compliance with the statute. Defendant concedes that the trial judge had participated in certain pretrial conferences before the motion was filed, but he insists that the judge had not ruled upon any substantive issue so as to preclude a change of venue. (See *Johnson v. United Motor Coach*

*Co.* (1966), 66 Ill. App. 2d 295, 214 N.E.2d 326.) We believe the determinative factor here is one not argued by either party before this court.

■■■ Section 403(e) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 403(e)) provides for two separate hearings on contested marriage dissolution cases, as follows:

> "Contested trials shall be on a bifurcated basis the grounds being tried first. Upon the court determining that the grounds exist, the court shall allow 48 hours for the parties to settled amicably the remaining issues before *resuming* trial." (Emphasis added.)

Use of the word "resuming" in the above statute indicates that the second hearing is a continuation of the first hearing and that both are parts of the same trial proceeding. That being so, Judge Michela ruled upon a substantive issue in this proceeding when on July 19, 1978, he made a finding that grounds for dissolution of marriage existed and ruled that the petition be granted. The July 19 order precluded defendant from subsequently obtaining a change of venue as a matter of right.

■■ Our interpretation of the bifurcated trial provision is consistent with the supreme court decision in *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 403 N.E.2d 1036, which held that a judgment of dissolution entered pursuant to sections 401 and 402 of the Illinois Marriage and Dissolution of Marriage Act and reserving pending claims for future action, was not appealable. The court declined to decide whether the judgment was "final" and appealable within the meaning of Supreme Court Rule 304(a) since the trial court did not make a finding that there was no just reason for delaying enforcement or appeal, and therefore, regardless of whether the judgment was interlocutory or final, it was not appealable. In that case, an express reservation of questions of maintenance and property division prevented the judgment from being final as to all of the issues. In the case at bar, the trial court docket sheet indicates that on July 19, 1978, the court heard evidence, made a finding, granted the petition, and then set for hearing on August 31, 1978, the questions of custody, visitation, property settlement and child support. The first proceeding did not end with a final appealable order but rather postponed several issues for determination when the trial resumed later, as provided in section 403(e). We believe the bifurcation here was comparable to a recess in trial, and thus, that the record clearly supports the denial of defendant's motion for a change of venue.

Defendant next claims that the provision requiring him to pay 10 percent interest on the unpaid balance of the $200,000 payment due to plaintiff was usurious and in violation of section 4(1) of the Interest Act (Ill. Rev. Stat., 1978 Supp., ch. 74, par. 4(1)), which provided that the maximum lawful interest rate for all written contracts should be 8 percent per annum upon any money due and owing from any person to any other person or corporation.

■ It has been held that the purpose of the usury statute is "to protect the necessitous borrower from an unscrupulous lender." (*Rogus v. Continental Illinois National Bank & Trust Co.* (1972), 4 Ill. App. 3d 557, 560, 281 N.E.2d 346, 348.) Here, where the interest rate is fixed by order of the court, the situation does not come within either the purpose or the language of the statute. Obviously no written contract exists between the parties. Also, if defendant elects to postpone payment of the $200,000 due to plaintiff, she is entitled to interest income equivalent to what she could earn by investing the total sum due her. We conclude that the order of the trial court requiring defendant to pay 10 percent interest on the unpaid balance was not an abuse of the court's discretion.

■ Defendant's final contention is that he should not be required to pay one-half of plaintiff's attorney's fees and her court costs, which came to a total of $9,233.65, because plaintiff had sufficient property and income to pay her own fees and costs. Section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 508) provides that the court may order either spouse to pay the costs and fees incurred by the other party in any proceeding under the Act, after considering the financial resources of the parties. No other considerations are mandated, and we interpret section 508 to leave the matter of fees and costs to the discretion of the trial court. We note that defendant was awarded a substantially larger share of the real property than was plaintiff and that he received all of the business enterprises. As a practicing attorney, he presumably is able to earn an ample annual income. Considering the relative financial resources of the parties, we cannot say the award of attorney's fees and costs was erroneous.

We, therefore, affirm the judgment of the Circuit Court of Will County.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.