*In re* MARRIAGE OF SOLANGE R. GALVIN, Petitioner-Appellee, and ROBERT M. GALVIN, Respondent-Appellant.—(MARAGOS, RICHTER, BERMAN, RUSSELL & WHITE, CHARTERED, Petitioners-Appellees.)

First District (3rd Division) No. 80-1105

━━━━━

Opinion filed March 25, 1981.

Victor Brown, of Chicago, for appellant.

Maragos, Richter, Berman, Russell & White, Chartered, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This was an action for dissolution of marriage. The respondent husband, Robert M. Galvin, discharged his attorneys, Maragos, Richter, Berman, Russell & White, and the firm filed a petition in the matrimonial action for an award of fees. The trial court entered an order awarding fees to Maragos in the sum of $1500, and Galvin appeals. On appeal Galvin contends that section 508(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 508(a)), in permitting an attorney to sue his client for fees in the matrimonial action, is prohibited special legislation.

Galvin has waived any objection to the amount of the award of fees. Consequently, only a brief statement of the chronology of events is necessary for an understanding of the issues involved.

On July 3, 1979, Maragos substituted for Galvin's previous counsel in the dissolution action. Thereafter, the cause was proved up as to grounds for dissolution and then custody and property matters were proved up. On February 26, 1980, Galvin discharged Maragos as his counsel. On February 28, 1980, Maragos mailed to Galvin by certified mail and to his wife's counsel notices of petitions asking leave to withdraw as Galvin's counsel and seeking an award of fees from Galvin. The trial court granted Maragos leave to withdraw as counsel and to file a supplemental petition seeking reasonable fees from the wife. On March 24, 1980, Galvin's new attorney filed a petition to dismiss the Maragos request for fees.

The Maragos petition for fees alleged that Galvin had retained Maragos in the dissolution of marriage matter and for a foreclosure proceeding; that Maragos had expended 53 hours at an agreed rate of $45 per hour for a total of $2385; and that Galvin had signed an agreement to pay Maragos $1500. The petition prayed for an immediate payment of $1500 and for a judgment of $2385. Galvin's petition to dismiss the request for fees charged, among other things, that a statute permitting an adversarial fee action in a dissolution of marriage matter was unique and did not bear any reasonable relation to the intent of the statute, and that therefore section 508(a) was constitutionally prohibited special legislation.

On March 24, 1980, a hearing was conducted at which a member of the Maragos firm testified as to the hours expended in representing Galvin and as to the agreement signed by Galvin to pay $1500. Galvin, who was represented by counsel, testified that he had no funds remaining from the sale of his home. He had spent the money in child support, medical bills, clothing and housing.

At the conclusion of the hearing, the court denied Galvin's petition to dismiss the request for fees. It also denied the Maragos petition for fees from the wife, but it found that the agreement signed by Galvin was valid and entered judgment for fees in favor of Maragos against Galvin for $1500.

Galvin contends that in permitting an attorney in a matrimonial action to seek a fee order against his own client, section 508(a) is constitutionally prohibited special legislation. He maintains that it was not the intent of the Act to foster adversarial actions between attorney and client nor to turn the dometic relations division of the court into a fee collection agency for lawyers. Galvin also urges that such fee disputes would impede or delay the resolution of the dissolution matter, and that such fee disputes must be resolved in separate law actions.

Section 508(a) of the Illinois Marriage and Dissolution of Marriage Act provides in pertinent part:

> "The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse * * *." (Ill. Rev. Stat. 1977, ch. 40, par. 508(a).)

Under the old Divorce Act there was no provision for the enforcement, in the divorce action, of an attorney's claim against his client for services rendered to that client. (*Pressney v. Pressney* (1950), 339 Ill. App. 371, 90 N.E.2d 119.) According to Ill. Ann. Stat., ch. 40, par. 508(a), Historical and Practice Notes, at 637 (Smith-Hurd 1980), section 508(a) codifies the holding of *Seniuta v. Seniuta* (1977), 49 Ill. App. 3d 329, 364 N.E.2d 327,

which held that actions between an attorney and his client concerning fees could be brought in a divorce proceeding because the passage of the Judicial Article of the Illinois Constitution in 1970 abolished differences between law and equity and conferred upon the circuit courts original jurisdiction in all matters. The notes go on to say that the purpose of section 508(a) is to promote judicial economy by obviating the need for an attorney to sue his own client for fees in a separate action.

■■ The special legislation provision of the Illinois Constitution states as follows:

> "The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination." (Ill. Const. 1970, art. IV, §13.)

A statute affecting a class of persons or objects is not unconstitutional merely because it affects one class and not another, provided that it affects all members of the same class alike and provided that there is a reasonable basis for differentiating between the class to which the statute is applicable and the class to which it is not. (*Hamilton Corp. v. Alexander* (1972), 53 Ill. 2d 175, 290 N.E.2d 589; *Bridgewater v. Hotz* (1972), 51 Ill. 2d 103, 281 N.E.2d 317.) "Whether the course chosen is wise or whether it is the best means to achieve the desired result is not a proper subject of judicial inquiry." *Bridgewater v. Hotz*, at 111.

■■ Under the foregoing principles, we hold that section 508(a) is not prohibited special legislation. It is undisputed that the provision in question affects all members of the same class alike. It is also apparent that there is a reasonable basis for permitting an attorney to proceed against his own client for fees in a dissolution proceeding, even though such claims are not permitted in other types of actions. In dissolution proceedings, a most important function of the trial court is to make divisions and allocations of property, enter orders of support, and determine whether one spouse should pay the other spouse's attorney's fees. These matters are unique in dissolution proceedings, and it is reasonable for the legislature to have provided that the same court determine fee disputes between attorney and client. Indeed, insistence on a separate tribunal for such fee disputes would result in frequent transfer of those actions back to the domestic relations division because of the court's knowledge of the factors involved. Moreover, consideration of such fee disputes would result in no more delay in the dissolution proceeding than that caused by any property disputes. In the present case, Galvin has made no complaint about the notice received or the fairness of the hearing. The trial court properly found that section 508(a) is valid and that it does not constitute impermissible special legislation.

Galvin contends in the alternative that if section 508(a) is not consti-

tutionally defective, it must be interpreted as not permitting an adversarial fee action between attorney and client. He urges us to interpret the provision to mean that the essential purpose of any petition for fees, as under the prior law, is still to secure payment by the other spouse of the petitioning spouse's fee in full or in part to enable the financially disadvantaged spouse to maintain or defend the action.

██ It is fundamental that where the language of a statute is plain and unambiguous, construction of the language by courts is neither necessary nor permitted. (*Nordine v. Illinois Power Company* (1965), 32 Ill. 2d 421, 206 N.E.2d 709.) Section 508(a) of the Act authorizes a court to adjudicate, incident to a pending dissolution proceeding, the liability of either spouse for the costs and attorney's fees necessarily incurred by the other spouse as well as for his or her own costs and attorney's fees. (*In re Marriage of Erby* (1980), 84 Ill. App. 3d 672, 406 N.E.2d 79; Ill. Rev. Stat. 1977, ch. 40, par. 508(a).) In the present case, the petition for fees was submitted prior to entry of a judgment dispositive of the merits of the action. The clear import of the language of section 508(a) is that the court may order attorney's fees to be paid by either party to either attorney. We must give the provision its clear meaning. The trial court properly entered judgment for the Maragos firm against its own client.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P. J., and WHITE, J., concur.