95 Ill. App.3d 220 (1981)
420 N.E.2d 161
In re MARRIAGE OF WALTER RECZEK et al.  (FACCHINI AND MINTON, Petitioner-Appellee,
v.
WALTER RECZEK, Respondent-Appellant.)
No. 80-184.
Illinois Appellate Court  Second District.
Opinion filed April 15, 1981.
Robert Steinbock Sinclair, of Oak Brook, for appellant.
William J. Harte, Ltd., of Chicago, for appellee.
Reversed and remanded.
Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:
The essential question posed by this appeal is whether, following an agreed dismissal of dissolution of marriage proceedings, attorney's fees based upon a retainer agreement may be awarded to an attorney who has been replaced.
On August 21, 1979, the appellant, Walter Reczek, hired attorney Michael H. Minton of the firm of Facchini and Minton for the purpose of securing an annulment and signed a retainer agreement for a fee of $3,500. Subsequently, Minton filed a petition for dissolution of marriage on behalf of Reczek in the Circuit Court of Cook County. Thereafter, he successfully moved for a temporary restraining order which prevented Reczek's wife from disposing of certain cash assets of the parties. Several weeks later Minton also issued several discovery subpoenas, although the wife had not yet filed an appearance.
On October 26, 1979, the cause was transferred to Du Page County *221 pursuant to a motion for change of venue filed by the wife. Thereafter, on November 16, 1979, this case was dismissed without prejudice pursuant to a stipulation signed by the parties. However, prior to the dismissal, on October 23, 1979, Reczek had discharged Minton from further duties. Minton did not file his motion for leave to withdraw until December 3, 1979, which was several weeks after the dismissal.
On December 21, 1979, the court held an evidentiary hearing on Minton's motion for fees as well as Walter Reczek's motion to strike and overrule Minton's motion. The court awarded Minton fees and expenses in the amount of $3,178.50, it appearing that $500 had been previously paid. Reczek has appealed.
The preliminary question raised by Reczek is directed at the jurisdiction of the trial court to entertain the motion. The question of the court's jurisdiction first came up in the hearing on the attorney's fees conducted on December 21, 1979. The court indicated that it had jurisdiction and, in addition, Reczek's counsel asked for and received a stipulation from Minton that the court had jurisdiction, to which the petitioner acceded.
As a general rule, the trial court lacks statutory jurisdiction to enter an award of attorney's fees after an action for dissolution of marriage has been dismissed. (See, e.g., In re Marriage of Erby (1980), 84 Ill. App.3d 672, 676.) The reasoning is: the authority to award fees is based on section 508(a) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 508(a)); section 508 was enacted to insure that disparate financial resources of spouses would not result in undue advantage to the more affluent parties; and to keep the dissolution suit alive merely to benefit an attorney attempting to collect his fees, which he could assert in a separate action at law, would be contrary to the spirit of the act which favors the settlement of the dispute. Erby, at 676; see also Ill. Ann. Stat., ch. 40, par. 508, Historical and Practice Notes, at 635, 638 (Smith-Hurd 1980).
We conclude, nevertheless, that Reczek has waived his right to assert the jurisdictional question here. The trial court had constitutional jurisdiction over the justiciable matter before it (Ill. Const. 1970, art. VI, § 9); it is clear that there was subject matter jurisdiction over the matter of attorney's fees (Ill. Rev. Stat. 1979, ch. 40, par. 508(a)); the sole question is whether statutory jurisdiction to enter the particular order exists and, if not, whether the issue may be waived. The Illinois Supreme Court in a recent opinion has held that statutory jurisdiction may be waived under proper circumstances. (In re Custody of Sexton (1981), 84 Ill.2d 312.) In Sexton, the failure to file affidavits in accordance with section 610(a) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610(a)) was held not to render a judgment subsequently entered in the same proceeding void for lack of jurisdiction, the court further finding *222 that the requirement could be and was waived. In Seniuta v. Seniuta (1977), 49 Ill. App.3d 329, it was held that although the previous divorce act did not confer authority for the court to order the payment to the party's attorney of his fees in the divorce proceedings, the lack of statutory authority could be waived. There, waiver was found under circumstances somewhat similar to this case. In Seniuta, defendant was ordered divorced from his wife and then engaged certain attorneys to prosecute the appeal. After he had won the appeal, he refused to pay attorneys' fees. The party asked the lower court to hold a hearing on fees. There was a full hearing, to the propriety of which defendant never objected. The court held the award to be proper stating "* * * we feel the defendant may not come into this court and complain when he made no objection * * * below." 49 Ill. App.3d 329, 331.
 1 In the case before us the husband's counsel was aware of the jurisdictional objection but did not raise it. The trial judge asked him if he was willing to try the case and the attorney responded "Which part, the jurisdiction or the whole issue?" The court asserted it had jurisdiction and to raise it would be a waste of time. Reczek's attorney then responded "I accept that," and proceeded to ask the opposing counsel to stipulate to jurisdiction so that "If he appeals it cannot be raised." The other attorney did so. The jurisdictional issue, in our view, has been waived. Cf. In re Marriage of DeFrates (1981), 91 Ill. App.3d 607, 614; Gauger v. Gauger (1979), 70 Ill. App.3d 378, 385.
 2 In reaching the merits, we conclude that the judgment must be reversed and the cause remanded. It is clear that under section 508 an attorney can recover fees from his client. (See Seniuta v. Seniuta (1977), 49 Ill. App.3d 329, 331; In re Marriage of Erby (1980), 84 Ill. App.3d 672, 675.) However, the statute authorizes only the payment of "a reasonable amount for his own * * * attorney's fees * * *". And the statute also requires that the fees of the spouse be "necessarily incurred." (Ill. Rev. Stat. 1979, ch. 40, par. 508(a).) The trial judge must determine what is a reasonable fee, applying the usual factors for determination: the skill and standing of the attorney, the nature of the cause, the novelty and difficulty of the questions at issue, the amount and importance of the subject matter, the degree of responsibility, the time and labor required, the usual and customary charges, and the benefits resulting to the client. (Tippet v. Tippet (1978), 65 Ill. App.3d 1018, 1021.) We have also noted that the time expended is the factor of the greatest importance. In re Estate of Kottrasch (1978), 63 Ill. App.3d 370, 375. See also In re Marriage of Kruse (1980), 92 Ill. App.3d 335.
In this case it is clear from the statements of the trial judge that he was only concerned with enforcing the retainer. But, the only authority he possessed for providing fees was section 508, which requires that they be *223 "reasonable." There was no finding that the retainer amount was reasonable. In this connection we also note the recent supreme court case of Rhoades v. Norfolk & Western Ry. Co. (1979), 78 Ill.2d 217, 228-29, which basically discarded the previous rule that an attorney could recover on a retainer as if it were a contract. In Rhoades, the court concluded that an attorney discharged without cause "is not entitled to recover contract fees from his former client but is limited to reasonable fees for services rendered", that is, on a quantum meruit basis. 78 Ill.2d 217, 229. See also Department of Public Works v. Exchange National Bank (1981), 93 Ill. App.3d 390.
We therefore reverse the judgment and remand the cause for further proceedings consistent with this opinion.
Reversed and remanded with directions.
NASH and VAN DEUSEN, JJ., concur.