*In re* MARRIAGE OF BETTIGENE RANSOM, Petitioner-Appellant, and LENNOX RANSOM, Respondent.—(STEPHEN H. KATZ, Appellee.)

Second District    No. 80-999

Opinion filed December 7, 1981.

James L. Frazin, of Palatine, for appellant.

No brief filed for appellee.

JUSTICE NASH delivered the opinion of the court:

Petitioner, Bettigene Ransom, appeals from a judgment for $1847.60 entered against her in favor of her former attorney, Stephen M. Katz, pursuant to Katz' post-trial petition for the award of his attorney's fees from his own client.

Appellee Katz has not chosen to file a brief in this court; however, we will consider the merits of the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131, 345 N.E.2d 493, 494.

Bettigene Ransom, who was then represented by other counsel, filed a petition for dissolution of her marriage to Lennox Ransom on October 14, 1979, and an order finding grounds for dissolution was entered on March 14, 1980. Her original counsel thereafter withdrew, and attorney Katz entered his appearance on her behalf on April 14, 1980. Although the March 14 order was not vacated, a second order finding grounds for dissolution was entered by the trial court on July 7, and on August 6, 1980, the trial court entered a final judgment of dissolution. It found *inter alia* that the three children born of the marriage were emancipated and incorporated a marriage settlement agreement of the parties in which they allocated their property between them. The agreement also provided that Bettigene receive a lump sum in lieu of maintenance and that Lennox waived any claim to maintenance from her. Each of the parties agreed to pay their own attorney fees.

Neither of the parties to the dissolution have thereafter appealed from the judgment entered on August 6, 1980.

On October 16, 1980, 72 days after entry of the judgment of dissolution, attorney Katz filed a petition in the same cause pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 508), in which he sought a judgment for his attorney fees and costs advanced against Bettigene for legal services rendered on her behalf in the dissolution proceeding. It alleged that he had performed legal services for her in the course of which he expended 35 hours and that a fair and reasonable fee for those services was $2,450; that she had paid him the sum of $1,000; that he had advanced costs on her behalf of $397.60; and sought a judgment for the balance due of $1,847.60. After a hearing held October 16, 1980, in which Bettigene appeared *pro se*, the trial court awarded $1,847.60 to Katz and entered judgment with execution to issue. The next day Katz instituted a non-wage garnishment proceeding against Lennox Ransom, her former husband, to enforce his judgment against funds due Bettigene under the settlement agreement.

Bettigene's motion to reconsider the judgment for fees, presented by new counsel, was denied and she appeals.

Bettigene contends that (1) the trial court lacked jurisdiction to hear the petition by her attorney for his fees from her brought more than 30 days after judgment; (2) the trial court failed to consider evidence regarding the financial resources of the parties, legal services performed, or the reasonableness and necessity of those services; and (3) attorney Katz failed to give her an adequate notice of the hearing of his petition for fees.

We consider first the jurisdictional issue which is raised by Bettigene for the first time on appeal.

■■ Generally, a trial court does not retain jurisdiction over the parties or the subject matter so as to permit it to review, modify or grant other relief after the expiration of 30 days from entry of a final judgment. (*Spears v. Spears* (1977), 52 Ill. App. 3d 695, 697, 367 N.E.2d 1004, 1006-07; Ill. Rev. Stat. 1979, ch. 110, par. 68.3; see also Ill. Rev. Stat. 1979, ch. 110, par. 72.) Lack of jurisdiction of the parties or by passage of time may be waived, however, and Bettigene has done so in this case. (See *Asumendi v. Fortman* (1978), 58 Ill. App. 3d 186, 190, 374 N.E.2d 20, 23.) She appeared personally in the trial court in opposition to attorney Katz' petition and thereafter filed responsive pleadings seeking to set aside the judgment for attorney fees. By doing so without objection to the trial court's continuing jurisdiction Bettigene revested its authority which had been lost by the passage of time. (See *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 50, 97 N.E.2d 817, 820; *Stark v. Roussey & Associates, Inc.* (1970), 131 Ill. App. 2d 379, 381, 266 N.E.2d 439, 441.) Accordingly, the trial court had jurisdiction, under these circumstances, to enter the order from which Bettigene has appealed and we do not reach the merits of the jurisdictional question raised for the first time on appeal. Compare *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 420 N.E.2d 161; *Seniuta v. Seniuta* (1977), 49 Ill. App. 3d 329, 364 N.E.2d 327; see *In re Custody of Sexton* (1981), 84 Ill. 2d 312, 319, 418 N.E.2d 729, 732-33; *In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 713, 415 N.E.2d 1196, 1200-01; *In re Marriage of Erby* (1980), 84 Ill. App. 3d 672, 406 N.E.2d 79; *Pettit v. Pettit* (1978), 60 Ill. App. 3d 375, 378, 376 N.E.2d 782, 785; *Brickey v. Brickey* (1976), 44 Ill. App. 3d 563, 358 N.E.2d 406.

Petitioner next contends that the trial court was required to consider the financial resources of the parties before awarding fees to her attorney and did not do so.

Attorney fees are primarily the responsibility of the party for whom the services are rendered. (*Gilmore v. Gilmore* (1979), 74 Ill. App. 3d 831, 393 N.E.2d 33.) However, if one spouse demonstrates a financial inability to pay attorney fees and the ability of the other spouse to do so, an award for that purpose may be justified in order to prevent an advantage due to

a financial disparity between them. (*In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 221, 420 N.E.2d 161, 162; *In re Marriage of Erby* (1980), 84 Ill. App. 3d 672, 676, 406 N.E.2d 79, 82.) Absent such a showing the court cannot order one spouse to pay the other's attorney fees. *In re Marriage of Miller* (1980), 84 Ill. App. 3d 931, 937, 405 N.E.2d 1099, 1104, *appeal denied* (1980), 81 Ill. 2d 593.

In our view, this rationale does not apply where an attorney seeks fees from his own client pursuant to section 508(a) of the Act. In such cases the purpose of the proceeding is not to enable the less affluent spouse to maintain or defend the action but is directed to promoting judicial economy by eliminating the former requirement that an attorney bring a separate suit for such fees against his own client. (Ill. Ann. Stat., ch. 40, par. 508, Historical & Practice Notes, at 637 (Smith-Hurd 1980).) Regardless of the respective financial circumstances of the spouses, an attorney is still entitled to seek payment for his services from his own client, and the legislature in providing this procedure did not intend that it be conditioned upon the financial abilities of the parties.

Petitioner also contends that the fee awarded by the trial court was neither reasonable nor necessarily incurred.

An award of attorney fees is left to the sound discretion of the trial court and will be reversed only for an abuse of that discretion. (*In re Marriage of Pedersen* (1979), 77 Ill. App. 3d 716, 720, 396 N.E.2d 659, 661.) The statute authorizes payment of "a reasonable amount for his own * * * attorney's fees * * *" and requires that such fees be "necessarily incurred". (Ill. Rev. Stat. 1979, ch. 40, par. 508(a).) In awarding fees the trial court must look to the attorney's skill and standing, the nature of the controversy, the novelty and difficulty of the questions at issue, the importance of the subject matter, the degree of responsibility involved in the management of the case, the time and labor required, the usual and customary charge in the community, and the benefits resulting to the client. (*In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 276, 411 N.E.2d 947, 949; *Christian v. Christian* (1979), 69 Ill. App. 3d 450, 458-59, 387 N.E.2d 1254, 1260-61, *appeal denied* (1979), 75 Ill. 2d 589.) In making its determination of what is a reasonable fee the court will employ these factors and hear evidence as to their applicability. The court is not bound by the attorney's opinion as to what constitutes a reasonable fee and must inquire into all of the necessary factors. (*Welsh v. Welsh* (1976), 38 Ill. App. 3d 35, 39, 347 N.E.2d 512, 516.) The time spent on the case is the factor of greatest importance. (*In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 222, 420 N.E.2d 161, 163.) An attorney's general statement as to the time spent is an insufficient basis for a fee award and detailed time records are usually required. (*In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 277, 411 N.E.2d 947, 950.) He must itemize both the time

expended and the work performed. *In re Marriage of Raidbard* (1980), 87 Ill. App. 3d 158, 163, 408 N.E.2d 1021, 1026.

Attorney Katz' petition for fees alleged that he spent 35 hours on the case and that a fair fee for his services was $2,450. It further stated that he had advanced unspecified costs of $397.60. At the hearing, Katz advised the court that he had informed Bettigene his fee was to be $75 per hour and that he would require a $1,000 retainer; she agreed to those terms and paid the retainer. He testified the divorce was difficult and respondent difficult to work with, but he brought about a settlement. He also testified that he was a capable and eminently qualified attorney, that his time records reflected 38.25 hours expended on the case, and that his legal fees amount to $2,847.60 with a balance due of $1,847.60.

Bettigene agreed the fee arrangement was as Katz stated but she didn't think his services amounted to that much and that he didn't do an adequate job. She stated she had no idea what his fees were when she agreed to the settlement provision that each party would pay their own attorney fees and, also, that he did not finish the job.

Katz responded that he had advised her his fees could exceed the retainer and that time was the only factor which would determine the fee.

The trial court thereupon found that $75 per hour was a reasonable rate and the services rendered were necessary; it awarded Katz $1,847.60 and entered judgment.

No evidence was presented, however, as to the nature of the services performed by Katz, that the hourly rate of $75 was reasonable for those services or that the number of hours incurred were necessary to the resolution of this case; nor were the costs advanced itemized in any way. We have noted that attorney Katz first appeared in this case at a late stage, there were no contested matters heard in court and his services apparently were directed solely to bringing about the settlement agreement to which the parties eventually agreed. The record discloses that at the time Katz was retained Bettigene's legal fees to earlier counsel exceeded $4,000 for services they had performed in this case. We are unable to determine when Katz performed the services for which he claims fees, whether any portion of such services may have been carried out by earlier counsel or the extent to which his efforts may have brought about the settlement of the disputed matters between the parties.

■■ We conclude that the fee award must be set aside and this matter remanded for further hearing at which the requisite factors relating to fees which we have discussed may be considered by the trial court. See *In re Marriage of Raidbard* (1980), 87 Ill. App. 3d 158, 163, 408 N.E.2d 1021, 1025; *In re Marriage of Pedersen* (1979), 77 Ill. App. 3d 716, 720, 396 N.E.2d 659, 662.

Bettigene finally contends that the notice by which attorney Katz

advised her of the hearing of his petition for fees was defective as it identified Katz as "attorney for petitioner." She argues that public policy should prohibit an attorney from petitioning for fees against a client without giving notice to the client that he is appearing in a new role as adversary rather than advocate, citing Ill. Rev. Stat., 1980 Supp., ch. 110A, Canon 5, Rule 5—101 and Rule 5—102.

■■ Katz' petition, appended to the notice, clearly indicated that he was seeking fees against Bettigene. His identification of himself as attorney for petitioner merely noted his status in that matter. She appeared personally in response to the notice and was advised by the court of Katz' position with regard to his petition, and the trial court offered to continue the matter to give her an opportunity to obtain counsel if she wished to do so. She declined and appeared *pro se* in this proceeding.

As section 508(a) does permit an attorney to proceed against his client for fees it would not be considered to be in violation of the canons of ethics to do so. See Ill. Rev. Stat., 1980 Supp., ch. 110A, Canon 4, Rule 4—101, and Canon 5, Rule 5—101.

Accordingly, we reverse the judgment of the trial court awarding attorney fees and remand this cause for further hearing directed to the reasonableness and necessity for such fees consistent with the principles set forth herein.

Reversed and remanded.

HOPF and LINDBERG, JJ., concur.