*In re* MARRIAGE OF MICHELLE B. COLTMAN, Petitioner-Appellant and Cross-Appellee, and BERTRAM W. COLTMAN, JR., Respondent-Appellee and Cross-Appellant (Bernard Hammer, Cross-Appellant).

First District (3rd Division)   No. 83—2023

Opinion filed October 22, 1986.

Robert P. Sheridan, of Chicago, for appellant.

Schiller, Du Canto & Fleck, Ltd., of Chicago (Catherine L. Grahn, of counsel), for appellee.

Bernard Hammer, Ltd., of Chicago, for cross-appellant, *pro se.*

JUSTICE WHITE delivered the opinion of the court:

Cross-appellant, Bernard Hammer, served as attorney for plaintiff, Michelle Coltman, for nine months during the pendency of her divorce from defendant, Bertram Coltman, Jr. After Michelle discharged Hammer and substituted new counsel, Hammer petitioned for payment of his fees. The trial court ordered Bertram to pay Hammer $1,417.50 for his work for Michelle. Hammer appeals, contending that Michelle should also be held liable for payment of his fees and contending that the amount assessed is inadequate.

When Michelle filed suit for divorce on August 31, 1979, she was represented by Kaufman and Litwin, Ltd. She retained Hammer as substitute counsel in June 1981. In April 1982, prior to trial, she discharged Hammer and substituted new counsel. In September 1982 Hammer petitioned for attorney fees, pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1981,ch. 40, par. 508). He supported his petition with bills he sent to Michelle. The bills showed a detailed breakdown of the time Hammer spent on the case and included brief descriptions of the services he rendered. Hammer charged a total of $16,127.50 for 151.7 hours of work. He admitted in his petition that he had already received $7,427.50 from Michelle, and he asked the court to assess unpaid attorney fees of $8,700, to be "paid by plaintiff or defendant or apportioned between them in accordance with the statute." The court ordered that hearing on the petition be held after the conclusion of the evidence in the case in chief. No party took exception to that order.

The parties concluded their presentation of evidence in the case in chief on May 9, 1983. On May 12 Hammer moved for judgment on the pleadings on his petition for fees on grounds that neither party had

responded to the petition. On May 19, 1983, the trial court allowed Bertram to file a response to Hammer's petition and entered judgment dissolving the marriage. In that judgment the court ordered that Bertram was to have "sole liability for additional attorneys' fees and costs, if any, awarded to BERNARD HAMMER, LTD. for his representation of [Michelle]." The court denied Hammer's motion for judgment on the pleadings and set his petition for fees for hearing.

Michelle filed no response to Hammer's petition and offered no evidence at the hearing. Hammer testified in support of his petition. The court found that 78.2 hours of office time and 8.2 hours of court time were reasonably expended on Michelle's behalf and that $100 per hour for office time and $125 per hour for court time were reasonable charges. The court concluded that Hammer was entitled to a fee of $8,845. Since Michelle had already paid $7,427.50, the court ordered Bertram to pay the unpaid balance, $1,417.50.

■ On appeal Hammer argues that the court exceeded its authority in holding Bertram alone liable for payment of Hammer's fee, citing *In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 429 N.E.2d 594. Hammer claims that the trial court unjustly deprived him of his cause of action on his contract with Michelle. Hammer has filed no contract claim; he petitioned for fees pursuant to section 508(a) of the Marriage Act. That section states:

"The court ***[,] after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse ***." (Ill. Rev. Stat. 1981, ch. 40, par. 508(a).)

This section clearly allows the court to order attorney fees to be paid by either spouse to either attorney. (*In re Marriage of Galvin* (1981), 94 Ill. App. 3d 1032, 1036, 419 N.E.2d 417.) In his petition Hammer asked the court to order either spouse to pay his fees. The court did not exceed its authority by granting this request and ordering Bertram to pay Hammer's fees.

*Ransom* is not to the contrary. In that case the trial court awarded an attorney a judgment for fees against his client, pursuant to section 508, without a separate hearing concerning the financial resources of the parties involved in the divorce. The appellate court held that, although the trial court could not order the client's former spouse to pay the client's attorney fees without a hearing concerning financial resources, the court had the power to order the client herself to pay her attorney's fees without such a hearing. (*In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 40-41, 429 N.E.2d 594.) After appropriate

hearings, such as the hearings involved in the distribution of property in the instant case, the trial court clearly has the power to order either party to pay proper attorney fees. *In re Marriage of Galvin* (1981), 94 Ill. App. 3d 1032, 1036, 419 N.E.2d 417.

■ Hammer next contends that the trial court erred in delaying determination of his fees until the conclusion of the evidence in the case in chief. Hammer did not object in the trial court to the trial court order delaying determination of his fees. We find that this issue has been waived. *Hargrove v. Gerill Corp.* (1984) 124 Ill. App. 3d 924, 929, 464 N.E.2d 1226.

■ Hammer also claims that he was entitled to proceed with his petition as an account stated, but his petition clearly states that it is brought pursuant to section 508 of the Marriage Act and that he seeks payment from either spouse. Hammer never filed any pleading indicating that he wished to proceed with the matter against his former client as an account stated. Therefore, this issue has also been waived. *Frisch Contracting Service Corp. v. Northern Illinois Gas Co.* (1981), 93 Ill. App. 3d 799, 805, 417 N.E.2d 1070.

■ Hammer next contends that the trial court erred when it denied his motion for judgment on the pleadings. In that motion Hammer again asked the court to enter judgment for the entire amount of his fees against either Bertram or Michelle or both. At hearing on the motion, Bertram asked leave to file a response to the petition for fees, and both Bertram and Michelle requested a hearing regarding the amount of Hammer's fees. The court allowed Bertram to file a response to the petition, but it stated: "I have already ruled that his fee is payable by Mr. Coltman. There is nothing for [Michelle] to defend." Michelle filed no response to Hammer's petition. Hammer now argues that the trial court should have entered judgment against Michelle on the petition for fees because she never responded to it. Hammer contends that the court's decision to hold Bertram alone responsible for payment of Hammer's fees prior to the hearing on the amount of those fees deprived Hammer of property without due process of law.

The trial court held extensive hearings regarding the value and proper division of the marital assets prior to determining that Bertram should pay the remainder of Hammer's fees; there was no other factor it needed to consider in assigning that liability. (*In re Marriage of Hammel* (1980), 88 Ill. App. 3d 919, 923, 411 N.E.2d 320.) Since the trial court decided that it would not apportion any part of the payment of Hammer's fee to Michelle, it correctly denied Hammer's motion for judgment on the pleadings against Michelle.

■ Finally, Hammer maintains that the trial court abused its dis-

cretion in determining that Hammer's services to Michelle were worth only $8,845 instead of the $16,127.50 for which Hammer had billed Michelle. "The work for which the compensation is sought must be shown to be reasonably required and necessary for the proper performance of legal services under the circumstances." (*Christian v. Christian* (1979), 69 Ill. App. 3d 450, 459, 387 N.E.2d 1254.)

> "We also note that it is not sufficient to merely multiply the number of hours expended by counsel, even as shown by detailed records, by whatever hourly rate is determined to be reasonable without consideration of the other factors ***. [Citation.] A factor of special importance in this case *** would be whether the hours expended were actually necessary. [Citation.]" *In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 277, 411 N.E.2d 947.

The trial court order indicates that it considered the appropriate factors. At hearing on Hammer's petition, the court received evidence that Hammer filed two complaints in Chancery which were merged into the divorce case and which were eventually dismissed. He filed two petitions for change of venue in the divorce case. Both petitions were denied. While Hammer was representing Michelle, Bertram attempted to reduce the amount of temporary alimony; the attempt was ended by agreement. Hammer helped limit Michelle's liability for the fees of Kaufman and Litwin, Ltd., her attorneys prior to Hammer. He did extensive research on a mandamus question and decided not to pursue the remedy. He spent many hours trying to obtain information from Michelle's prior attorneys. During the nine pretrial months that Hammer represented Michelle, he submitted no interrogatories and he took no depositions in the case.

After carefully reviewing the time slips Hammer put in evidence, and relying on its "experience and knowledge of the value of legal services which it has acquired in the discharge of its professional duties" (*In re Marriage of Armstrong* (1982), 107 Ill. App. 3d 217, 219, 437 N.E.2d 761), the trial court found that Hammer reasonably expended 78.2 hours of office time and 8.2 hours of court time on behalf of Michelle. This finding is adequately supported by the record, as is the finding of appropriate hourly rates. The trial court did not abuse its discretion in holding that Hammer's total services were worth $8,845. Therefore, we affirm the trial court order which directs Bertram to pay Hammer the balance due of $1,417.50.

Affirmed.

RIZZI, P.J., and McNAMARA, J., concur.