*In re* MARRIAGE OF ROSE WALTRIP, Petitioner, and WAYNE WALTRIP, Respondent-Appellant (Harold G. Field, Appellee).

Second District No. 2—90—0996

Opinion filed July 15, 1991.

Robert J. Schillerstrom and Amy M. Hane, both of Schillerstrom & Cresto, Ltd., of Naperville, for appellant.

Harold G. Field, of Harold G. Field & Associates, of Wheaton, appellee *pro se.*

JUSTICE INGLIS delivered the opinion of the court:

Respondent, Wayne Waltrip, appeals from a judgment entered by the circuit court of Du Page County awarding attorney Harold G. Field $26,284.30 in fees incurred in representing respondent in the dissolution of his marriage. On appeal, respondent contends that: (1) the trial court abused its discretion in awarding fees for matters ancillary to the dissolution proceedings; (2) the trial court abused its discretion in awarding fees in the amount of $26,284.30; and (3) attorney Field is not entitled to retain interest on a judgment for attorney fees when that judgment was paid but was subsequently overturned and remanded on appeal. We affirm the judgment of the circuit court as modified.

Attorney Harold G. Field represented respondent in the dissolution of his marriage to Rose Waltrip (not a party to this appeal). Field's representation commenced in January 1984 and ended early in 1987 when Field was granted leave to withdraw as respondent's

counsel. Field filed a petition seeking attorney fees from respondent. At the hearing on the petition, respondent appeared without counsel and indicated that he was not ready to proceed. Respondent requested a continuance, which the trial court denied. Testimony was presented as to the reasonableness of Field's fees, and the trial court subsequently entered judgment in favor of Field in the amount of $26,284.30. A lien was impressed in favor of Field on a joint account of respondent and Rose Waltrip; the funds in the account resulted from a real estate sale and were held by the escrow department of the Ticor Title Company.

Field then filed a petition to enforce the judgment for fees which the trial court granted, ordering Ticor Title Company to pay Field the sum of $26,284.30 plus statutory interest (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303) from the funds held by Ticor in escrow. The parties apparently agree, although we do not find it in the record, that $29,284.30 was paid to Field by Ticor: $26,284.30 representing the attorney fees awarded and $3,555.45 representing the amount of statutory interest.

The cause was appealed to this court, where respondent contested the award of attorney fees based on the fact that he was not represented by counsel at the hearing and that the award of fees was not reasonable. We reversed that part of the trial court's judgment involving attorney fees, finding that it was an abuse of discretion to deny respondent's request for a continuance to retain counsel. The matter of attorney fees was remanded to the trial court for a new hearing. Because of our resolution of the issue, we did not address the question of whether the trial court abused its discretion in awarding Field $26,284.30 in attorney fees.

At the rehearing on the petition for fees, Field requested a judgment in the amount of $26,284.30 based on his earlier filed fees petition. The parties stipulated that Field's hourly rates were fair and reasonable in the community. At that time, Field charged $100 an hour for office time and $125 an hour for court time.

Field testified that the total amount of assets involved in the dissolution proceeding was approximately $1 million and consisted primarily of real estate. The only issue in the dissolution proceeding was the division of the marital estate. Field testified that numerous documents were obtained from Mrs. Waltrip during discovery. Field explained that Mrs. Waltrip was scheduled to have her deposition taken several times and was requested to bring certain documentation with her when she was deposed. Each time Mrs. Waltrip com-

plied and brought the requested documents, rendering the depositions unnecessary.

Respondent was similarly requested by Mrs. Waltrip's attorney, Howard Broecker, to produce documentation. However, respondent did not comply. Respondent was eventually held in contempt, and sanctions were imposed.

Field testified that he retained an expert to reconcile respondent's bank accounts, which took several weeks and required Field's assistance. Field testified that he did not retain an expert to value the parties' real estate. Field explained that, toward the end of the case, respondent gave him the name of a very close friend whom he wanted to appraise the real estate when necessary.

Field stated that in representing respondent he made over 20 court appearances and attended at least five pretrial conferences. Many conferences were had between the parties and their attorneys. Field testified that at one point the parties came very close to reaching a settlement; however, respondent then found a diary in which his wife made daily or weekly entries. Respondent wanted to wait and see what the diary would reveal. Field testified that respondent then told him that he did not want to try the case and that he wanted to wait.

In his petition for fees, Field did not break down the amount of time spent on the case. Rather, the dates were listed with a description of the services performed on each date. At the end of the petition it was concluded that 213.77 hours of office time were spent and 47 hours of court time. At the rehearing, Field introduced into evidence the original time sheets from the case. Field explained that the time sheets were used in calculating the figures in his petition. Field explained that when he started the case in 1984, he entered on the time sheets the total dollars generated for each task. Late in 1985, however, Field changed his method of keeping track of his time by entering the amount of time spent for each task rather than dollars generated.

Field admitted that, in the three years that he represented respondent, he performed work for respondent which was not strictly limited to the action for dissolution of marriage. Field explained that this work involved some nonmarital property owned by respondent and was included in the petition for fees. Field estimated that the amount of money charged for that work was between $1,000 and $2,000; however, he stated that he was unsure as to the exact amount because some of the conferences that they had in-

cluded discussions about both marital and nonmarital property, and he did not make separate notations on them.

Mrs. Waltrip's attorney, Howard Broecker, testified that Mrs. Waltrip was very helpful in his representation of her. Broecker explained that Mrs. Waltrip had voluminous documentation and information which she made available to Broecker and which was incorporated into the pleadings. Broecker opined that Mrs. Waltrip's efforts significantly reduced the amount of time he was required to spend on the file.

Broecker testified that, in 1987, he filed a petition seeking to recover the fees incurred in representing Mrs. Waltrip from January 1, 1983, to December 3, 1986. The total amount requested was $20,771.45, which Mrs. Waltrip paid.

After the hearing concluded, the court entered judgment in favor of Field for attorney fees in the sum of $26,284.30. The trial court found that the earlier order directing payment to Field by Ticor Title Company had "been effected and therefore the Judgment herein is fully satisfied and is hereby released." Respondent timely appeals.

■ First, respondent argues that the trial court abused its discretion in ruling that fees for matters unrelated to the dissolution proceedings were recoverable under section 508 of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act or Act) (Ill. Rev. Stat. 1987, ch. 40, par. 508). As respondent correctly points out, the allowance of attorney fees and the amount awarded are matters within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *In re Marriage of Vest* (1991), 208 Ill. App. 3d 325, 332.

■ We note that attorney fees may be awarded to a litigant only when they are expressly authorized by statute or by agreement of the parties. (*In re Marriage of Magnuson* (1987), 156 Ill. App. 3d 691, 700.) When the basis of the award is statutory, a trial court is bound by the statutory grant. *Magnuson*, 156 Ill. App. 3d at 700.

■ On appeal, Field contends that the trial court's award is supportable under both section 508(a) of the Dissolution Act and under the fee agreement entered into between respondent and Field. Section 508(a) of the Act authorizes an attorney in a pending dissolution proceeding to recover his earned fees from his own client or from the other party. (Ill. Rev. Stat. 1987, ch. 40, par. 508(a); *Gitlin v. Hartmann* (1988), 175 Ill. App. 3d 805, 809.) A fee allowance should provide for fair compensation but only for those services which are both reasonable and necessary to the action. (*In re Mar-*

*riage of Burrows* (1984), 126 Ill. App. 3d 752, 758; see also *In re Marriage of Kaplan* (1986), 149 Ill. App. 3d 23, 35; *In re Marriage of Erickson* (1985), 136 Ill. App. 3d 907, 916-17.) Respondent contends that the trial court erred by including the $1,000 to $2,000 worth of fees that were admittedly not strictly related to the dissolution proceedings. Regarding this issue, the trial court noted that "[t]here was no specific hour amount established that Mr. Field spent in handling some of Mr. Waltrip's personal affairs." The court noted the possibility of multiple suits and held:

"Since the amount represents less than 10% of the entire billing it would appear inappropriate to require Mr. Field to file a separate action requesting the payment for services rendered in behalf of Mr. Waltrip. That would be an extreme waste of judicial time and in this Court's opinion an abuse of the entire judicial process."

We agree with the trial court and find that, in so ruling, the trial court did not abuse its discretion. It appears from the record that the services were at least in part legitimately rendered in the dissolution case. (See *In re Marriage of Malec* (1990), 205 Ill. App. 3d 273, 283.) Field testified that respondent had some nonmarital property and he was involved in several partnerships. Field then explained the services he rendered for respondent in that regard:

"Well, I had conferences with him concerning the nonmarital property, the partnerships that he was involved in that weren't—were either partially or all nonmarital and the relationship with those partners, and I did draft documents for him pertaining to those entities."

Thus, to the extent that the partnerships were marital property, the services rendered regarding that property were legitimately related to the dissolution proceeding.

In addition, we are in agreement with the trial court that it would be an extreme waste of judicial time to require Field to file a separate action requesting payment for those services, especially given Field's testimony that some of his time reflected conferences involving the marital, partially marital, and nonmarital property. Thus, it would be difficult, if not impossible, to decipher the time allocated to each.

We also note that respondent signed an agreement on fees which indicated that he would pay Field $100 per hour for office time and $125 for court time. While paragraph four of the agreement specifically mentions dissolution of marriage, Field testified that the fees reflected therein were charged for all services ren-

dered in his representation of respondent, and respondent apparently does not contest this fact. Thus, under the circumstances of this case, we do not find that the trial court erred by including the fees at issue in its award.

■■ ■ Next, we consider respondent's contention that the trial court abused its discretion when it awarded Field $26,284.30 in attorney fees. It is well settled that the factors to be considered in determining the amount of attorney fees are: the skill and standing of the attorney, the nature of the case, the novelty and difficulty of the questions in issue, the amount and importance of the subject matter, the degree of responsibility involved in the management of the case, the usual and customary charges in the community and the benefits resulting to the client. (*In re Marriage of Osborn* (1990), 206 Ill. App. 3d 588, 602; *Malec*, 205 Ill. App. 3d at 285.) In making its determination of what is reasonable, the trial court is not bound by the attorney's opinion as to what constitutes a reasonable fee and must inquire into all of the necessary factors; the time expended on the case, however, is the factor of greatest importance. *In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 41.

Respondent admits that Field's standing in the legal community is unquestionably good and that he is well-respected. Respondent further admits that the hourly rates charged by Field are reasonable. However, respondent contends that the amount of time and labor expended by Field was unnecessary and was out of proportion to any benefits conferred on respondent. Respondent argues that the main issue in the case boiled down to valuation of the various real properties acquired during the marriage and what portions of those properties were marital and nonmarital. Respondent contends that at the time Field withdrew as counsel he had not retained an expert to value the real estate, nor had he conducted Mrs. Waltrip's deposition. Respondent maintains that the nature of the case was not complex, it was not a case of first impression, nor did it involve any novel issues. Thus, according to respondent, 213.77 hours of office time and 47 hours of court time expended over a period of approximately three years were excessive. Respondent cites to the number of hours expended by Mr. Broecker in his representation of Mrs. Waltrip. Respondent contends that in approximately four years, Broecker expended over 60 hours less time on the case than Field did in three years.

■■ First we note that, in petitioning a court for fees, an attorney is generally required to submit detailed time records; the attorney must itemize both the time expended and the work performed.

(*Ransom*, 102 Ill. App. 3d at 41-42.) In the case at bar, respondent argues that Field merely introduced a compilation of hours. We disagree.

In his petition, Field listed specific dates and the services performed on those dates. At the rehearing, Field introduced into evidence his original time sheets; however, the time sheets were not made part of the record on appeal. Respondent, as the appellant, has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. (*Harriss v. Elliott* (1991), 207 Ill. App. 3d 384, 386.) A reviewing court will indulge in every reasonable presumption favorable to an order from which an appeal is taken, and it must be presumed that the evidence heard by the trial court was sufficient to support the judgment absent any contrary indication in the record. (*Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 1066.) Here, the trial court specifically stated that it heard the testimony given and it received into evidence the time sheets of Mr. Field. The court then stated that "based upon personal knowledge of the Court which has had this litigation since 1984 and being fully advised in the premises," the amount of time expended by Field was reasonable and necessary in order to represent his client's interest in this cause. We do not find anything in the record which would persuade us to the contrary.

Respondent criticizes the fact that an expert was not retained to value the couple's real estate, nor was Mrs. Waltrip's deposition ever taken. However, it is uncontroverted that respondent wanted to use his close friend to testify as an appraiser and Mrs. Waltrip's deposition was not necessary because she produced the relevant documentation.

Further, respondent's argument that Field's fees are unreasonable when compared to Mr. Broecker's fees is without merit. The trial court noted that Mrs. Waltrip was a meticulous bookkeeper and furnished a large portion of the material that Mr. Broecker presented to the court as part of the pleadings. Mr. Broecker testified that Mrs. Waltrip's efforts reduced significantly the amount of time he was required to spend on the case. In contrast, respondent refused to produce requested documents and was ultimately held in contempt and sanctioned. An expert had to be hired to reconcile respondent's bank accounts. In addition, respondent instructed Field

not to settle the case as he wanted to see what the diary kept by his wife would reveal.

Given the above circumstances, we do not find the trial court's award of attorney fees to be an abuse of discretion.

 Finally, respondent contends that Field is not entitled to retain interest on the court's previously entered judgment which was paid, then subsequently reversed and remanded by the appellate court. Field contends that respondent has waived this issue by failing to raise it below. Field is correct in his contention that generally a claim cannot be raised for the first time on appeal. (*Poeta v. Sheridan Point Shopping Plaza Partnership* (1990), 195 Ill. App. 3d 852, 859.) However, it is not clear in the case at bar that respondent had an opportunity to raise the issue below. The issue of interest was not raised in Field's petition for fees, nor was it addressed by either party at the rehearing. In its letter of opinion, the trial court did not mention interest; rather, it merely ruled that "[j]udgment will be entered in favor of Mr. Field and against Mr. Waltrip for the sum of $26,284.30." In its judgment order, the trial court made the following ruling:

"[T]he prior judgment of this Court for HAROLD G. FIELD against WAYNE WALTRIP in the amount of $26,284.30 entered May 5, 1987 [*sic*] is reinstated. The order of December 23, 1987, directing payment to HAROLD G. FIELD by Ticor Title Company has been effected and therefore the Judgment herein is fully satisfied and is hereby released."

Respondent did not file a petition for rehearing with the trial court.

Initially, we note that the trial court had no authority to "reinstate" a judgment that we reversed and remanded for a new hearing. The trial court's attempt to do so was, in fact, a new order effective from that date and will be treated as such.

Regarding the issue of interest, it is unclear when respondent would have had an opportunity to raise the issue absent a post-trial motion, which he is not required to file. (*Eckerty v. Lowman* (1974), 16 Ill. App. 3d 373, 375.) Even if the opportunity did arise and respondent waived it, this court is free to address the issue in an effort to achieve a "just result." *Burd v. Industrial Comm'n* (1991), 207 Ill. App. 3d 371, 382.

 █ Here, we find it would be unjust to permit Field to retain the interest on a judgment which had been reversed and remanded. An award of interest on a money judgment requires that the amount of money owed is certain and that the judgment debtor enjoyed improper use of the money during the period for which in-

terest is to be awarded. (*Robinson v. Robinson* (1986), 140 Ill. App. 3d 610, 611.) In cases where the exact amount owed is not calculated until the disposition of the case following remandment, interest on the judgment runs from the date of the new decree. (*Rosenbaum v. Rosenbaum* (1981), 94 Ill. App. 3d 352, 356; *Thatch v. Missouri Pacific R.R. Co.* (1979), 69 Ill. App. 3d 48, 52-53.) The supreme court addressed this issue as it relates to attorney fees in *People v. Johnson* (1981), 87 Ill. 2d 98. In *Johnson*, two attorneys were appointed to represent indigent defendants charged with murder. Subsequent to the disposition of the cases, the attorneys filed verified petitions for fees and expenses. The trial court awarded the attorneys an amount for fees which the appellate court found to be so unreasonably low as to constitute a clear abuse of discretion. The appellate court reversed the trial court's holding and remanded the cause. The State was granted leave to appeal to the supreme court and raised the issue as to what constitutes "reasonable" compensation in awarding fees to private counsel appointed to represent indigent defendants in criminal cases. (*Johnson*, 87 Ill. 2d at 102.) In addition, the attorneys filed a cross-appeal requesting interest on any reasonable fee allowed by the trial court, dating from the time in which they were entitled to the fee until it is paid. (*Johnson*, 87 Ill. 2d at 106.) As to interest, the supreme court held:

> "Interest is generally allowed from the date a final judgment is entered. [Citation.] However, the [attorneys] never received a final judgment in terms of a dollar amount; the case was remanded by the appellate court to the trial court to determine a reasonable fee. As a result, there has been no final judgment upon which to base an award of interest. Consequently, on remand, interest should not be attached to any reasonable fee allowed by the trial court." (*Johnson*, 87 Ill. 2d at 106-07.)

Accordingly, we find that Field is not entitled to retain the interest paid on the reversed judgment.

■■ Field's reliance on the interest provision in the agreement for fees is unavailing. The agreement provided that "[i]f the balance [for fees due] cannot be paid at the time of prove-up such amount will be made a part of the Judgment and interest will be charged at the rate of 12%." However, in his petition to enforce the trial court's original judgment for fees, Field did not rely on the agreement; rather, he requested statutory interest, which the court awarded. Thus, Field cannot now allege for the first time that he is

entitled to contractual interest. *Monical v. State Farm Insurance Co.* (1991), 211 Ill. App. 3d 215, 225.

For the reasons stated above, we affirm the trial court's order awarding attorney fees in the amount of $26,284.30 which was entered on August 1, 1990. Statutory interest, if any, would have accrued from that date. Accordingly, we order that Field reimburse respondent for the interest previously paid on the reversed judgment of May 8, 1987.

Affirmed as modified.

BOWMAN and GEIGER, JJ., concur.