Genevieve M. Watson, Plaintiff, v. Edward L. Watson, Jr., Defendant Appellee. R. A. Wiseman, Appellant.

Gen. No. 44,198.

638

Opinion filed November 16, 1948. Released for publication December 2, 1948.

SOL R. FRIEDMAN and I. S. FRIEDMAN, both of Chicago, for appellant.

LESLIE A. KOHN, of Chicago, for appellee; IRVING BREAKSTONE, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Genevieve M. Watson, plaintiff, sued her husband, Edward L. Watson, Jr., for separate maintenance. Defendant filed an answer to the complaint and also filed a counterclaim for divorce. Thereafter plaintiff filed an amended complaint for divorce and defendant and counterclaimant filed an answer to the same. On May 7, 1947, upon motion of defendant and counterclaimant an order was entered dismissing his counterclaim. On May 9, 1947, the following order was entered:

"On motion of Leslie A.' Kohn, attorney for Edward L. Watson, Jr., Defendant herein, it appearing unto the Court that Genevieve M. Watson had appeared in open court on May 7, 1947, and the said Plaintiff had at that time orally moved to dismiss the Amended Complaint for Divorce by her heretofore filed herein, together with all other pending matters, at which time counsel for Plaintiff moved the Court for the entry of an order requiring the Defendant to pay to him an appropriate sum of money as attorneys fees for his services theretofore rendered by him to the Plaintiff, and it appearing to the court that the Defendant heretofore paid to counsel for the Plaintiff the sum of $75.00 under a temporary order entered herein as and for an award of Plaintiff's temporary

attorneys fees pendente lite, and having continued, said cause for further hearing until this date, and it appearing to the court that the attorneys for the Plaintiff have pending a petition praying for additional attorneys fees to be paid to said counsel for Plaintiff, that the Court refuses to entertain said petition and refuses to consider the same as both parties, Plaintiff and Defendant, have indicated their desire to dismiss their respective suits:

"IT IS, THEREFORE, ORDERED that the above entitled cause be and the same is hereby dismissed without further cost to either of the parties hereto, to which order counsel for Plaintiff in their own behalf objects and excepts."

On May 16, 1947, "*Richard A. Wiseman, attorney for the Plaintiff in the above entitled cause,*" served a notice of appeal from the foregoing order, in which he prayed that the order of May 9, 1947, "be reversed and remanded with instructions to the trial court to vacate the said order dismissing Plaintiff's suit and to grant Appellant's petition and allow Appellant attorneys' fees." On May 28, 1947, the following order was entered:

"On motion of Sol R. Friedman & I. S. Friedman, attorneys for Richard A. Wiseman—petitioner.

"This cause coming on to be heard upon petitioner's verified petition asking the court to vacate a previous order of May 9, 1947, which dismissed the above entitled cause and denied your petitioner attorney's fees for services rendered the plaintiff in this cause.

"IT IS HEREBY ORDERED that leave to file said petition be and is hereby denied to which plaintiff by his counsel objects and excepts."

No appeal was taken by Wiseman from this last order and there is no report of proceedings in the record. Although the record does not contain the verified petition of May 28, 1947, appellant has seen fit to recite in his brief what he claims the petition contained,

and based upon the said petition he prays that we reverse the order entered on May 9, 1947, "and remand this cause with directions to the trial court to vacate the said order and reinstate this cause and take evidence on the matter of attorney's fees to be allowed appellant, and enter an order fixing the amount of attorney's fees to be paid by the defendant to the appellant." As soon as the notice of appeal from the order of May 9, 1947, was filed the Circuit court lost jurisdiction of the cause and had no authority to change or modify the judgment which had been rendered. (See *Parish Bank & Trust Co. v. Uptown S. & S. Co.,* 300 Ill. App. 73, 75; *Savit v. Chicago Title & Trust Co.,* 329 Ill. App. 277, 285.) The propriety of the order of May 28, 1947, is not before us upon this appeal. It is difficult for us to believe that appellant's contention that we should reverse the judgment entered on May 9, 1947, and remand the cause with directions to the trial court to reinstate the cause and pass upon the matter of his attorney's fees is seriously made. In support of his contention appellant argues that before plaintiff made her motion to dismiss, appellant, as her attorney, had acquired a right to attorney's fees for services rendered her; that because of that right he became a third party in the cause insofar as that right was affected, and that the trial court had no right to allow plaintiff's motion to dismiss her suit until he had first passed upon and determined the merits of appellant's petition for additional fees for services rendered plaintiff before she made her motion to dismiss. The husband had dismissed his counterclaim on May 7, 1947, and plaintiff had an absolute right to dismiss her complaint on May 9, 1947. When the order was entered dismissing the cause the trial court had no power to order the payment of attorney's fees for past services. (See *Anderson v. Steger,* 173 Ill. 112, 120.) In *Labanauskas v. Labanauskas,* 228 Ill. App. 273, the court states (pp. 275, 276):

"It is a well-settled rule in this State that where no cross-bill has been filed the complainant has the right, at any time before final decree, to dismiss his bill on payment of costs. (*Paltzer v. Johnston,* 213 Ill. 338, 340, and cases there cited.) While a decree had already been entered in this case before the motion to dismiss was made yet the status of the parties' rights was no different than if it had not been entered. Not only had defendant acquired no rights under it so as to be in a position to object to a dismissal of the bill, but both parties were seeking the same result, namely, to have the decree vacated and the bill dismissed.

"The suit money which the court may require the husband to pay to the wife under section 15 of the Divorce Act [Cahill's Ill. St. ch. 40, par. 16] [Ill. Rev. Stat. 1947, ch. 40, par. 16; Jones Ill. Stats. Ann. 109.183] is for her use 'during the pendency of the suit,' either to enable her to maintain or defend the suit, or for her support, or both. But if the suit is not to continue, the purposes contemplated by the statute for such an order do not exist. The statute contemplates the allowance to the wife of expenses to be incurred in maintaining or defending her suit, or, if already incurred, where payment thereof is essential to the further prosecution of her rights. (*Anderson v. Steger,* 173 Ill. 112; *People v. Mehan,* 198 Ill. App. 300.) But when the suit has been dismissed, or should be, the conditions contemplated by the statute do not obtain. Public policy forbids that parties to a divorce suit should be kept in a state of hostile litigation when both are seeking to have it dismissed. It was unquestionably error for the court not to vacate the decree and dismiss the bill when requested. There is no justification in practice for keeping a suit alive to require the payment of alimony or solicitor's fees for which no order had been entered prior to a motion to dismiss the bill. An order for alimony contemplates a need therefor on account of a continuing pendency of the

suit, and an order for defendant's solicitor's fees contemplates the necessity of future service."

It was further held in that case (p. 276): ". . . it was at least an abuse of discretion for the court to enter an order for alimony and solicitor's fees after the motion to dismiss was made, and to keep the case alive for the purpose of enforcing the same, contrary to chancery practice and the intendments of the statute, and that such abuse calls for a reversal of the order appealed from."

██ ██ The divorce suit was dismissed by a part of the same order that denied appellant relief and appellant had no standing in court when the order was entered. (*McCulloch v. Murphy,* 45 Ill. 256; *Holmes v. Hamburger,* 67 Ill. App. 121, 122.) Appellant was not a party to the suit and appellee should have made a motion to dismiss this appeal.

The decretal order of the Circuit court of Cook county is affirmed.

*Decretal order affirmed.*

SULLIVAN, P. J., and FRIEND, J., concur.