*In re* MARRIAGE OF MARY ERBY, Petitioner-Appellant, and EUGENE C. ERBY, Respondent.—(WARREN KRINSKY, Appellee.)

First District (5th Division)    No. 79-926

Opinion filed May 16, 1980.

Victor Brown, of Legal Aid Bureau, of Chicago, for appellant.

Warren Krinsky, of Chicago, for appellee, *pro se.*

Mr. JUSTICE LORENZ delivered the opinion of the court:

Petitioner appeals from an order of the circuit court denying her section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) to vacate the fee order awarded to petitioner's attorney against the petitioner in an action for dissolution of marriage.

On appeal she contends that: (1) section 508(a) of the Illinois Marriage and Dissolution of Marriage Act constitutes special legislation in violation of article IV, section 13 of the Illinois Constitution; (2) the trial court erred in assessing fees against her; and (3) the trial court erred in not granting the section 72 petition to vacate the fee order.

On November 29, 1977, petitioner Mary Erby filed a petition for a dissolution of marriage. Her attorneys filed additional petitions on her behalf, including those for exclusive possession of the marital home and injunctional relief against respondent Eugene Erby. About three months later, on February 23, 1978, attorney Warren Krinsky (the appellee herein) was granted leave to substitute as attorney for petitioner, replacing her initial counsel. That day, in response to a motion previously filed by respondent for custody of the Erbys' children, Krinsky filed an answer, denying that respondent was a fit person, and requested that the motion be denied.

On March 14, 1978, an agreed order drafted by Krinsky was entered providing $90 per week temporary child support, reserving maintenance and attorney's fees and requiring respondent to pay the mortgage, taxes and insurance on the marital home.

Then, on June 14, 1978, Krinsky filed a petition for leave to withdraw as attorney for petitioner, and for the court to set his attorney's fees. The court allowed Krinsky to withdraw, and set the hearing on the motion for attorney's fees for July 24, 1978.

Accordingly, Krinsky sent a copy of the order to petitioner, accompanied by a letter dated June 14, 1978, which stated:

"IT IS EXTREMELY URGENT THAT YOU RETAIN COUNSEL TO REPRESENT YOU AND BE PREPARED TO PROCEED ON JULY 24TH. UNDER NO CIRCUMSTANCES SHOULD YOU FAIL TO BE PRESENT ON THAT DATE."

Meanwhile, on July 3, 1978, respondent petitioned the court to

dismiss the suit for dissolution for petitioner's failure to appear at depositions scheduled for April 25, 1978, and June 23, 1978. The court ordered on July 3, 1978, after "due notice mailed to petitioner" that the petition for dissolution of marriage was dismissed with prejudice. No notice of the hearing for dismissal was sent to Krinsky.

A hearing was held on July 24, 1978, to determine the attorney's fees. Present at the hearing were Krinsky and counsel for respondent. Krinsky testified to over 12 hours of service on petitioner's behalf which included the following activities: preparation of petitions, verified pleadings and orders, court appearances, conferences with his client, telephone calls with his client and opposing counsel, review of books and records, and negotiations toward a disposition of the matter. The court awarded Krinsky $900 for his services to petitioner, $350 of which was payable by respondent, and petitioner owing the balance of $550. Because petitioner had earlier paid Krinsky $200, she was ordered to pay the $350 difference. The court also dismissed "the cause, including all injunctional orders."

In a letter dated July 26, 1978, Krinsky advised petitioner of the attorney's fees awarded him by the court two days earlier, enclosed a copy of the order, and requested payment of the $350 due on her account.

On September 6, 1978, Krinsky petitioned the court for judgments of $350 against each party and for execution to issue because neither party had paid any fees from the order of July 24, 1978. The requested order was issued.

Petitioner, after obtaining new counsel, filed a petition to vacate the fee order on December 1, 1978. Three days later, Krinsky filed an answer to the petition. On February 17, 1979, the court granted leave to petitioner to amend the petition, and denied the petition as amended both on the merits and as untimely. Petitioner appeals from this order.

OPINION

Petitioner initially contends that the fee order entered by the trial court is void in that the authority for granting that order, section 508(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 508(a)), constitutes special legislation in violation of article IV, section 13 of the Illinois Constitution. Ill. Const. 1970, art. IV, §13.

Section 508(a) of the Illinois Marriage and Dissolution of Marriage Act (hereinafter the Act) provides in pertinent part:

> "The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse * * *." (Ill. Rev. Stat. 1977, ch. 40, par. 508(a).)

Petitioner argues that this section has no reasonable relation to the broad purposes of the Act which are aimed toward reducing acrimony in matrimonial cases. Briefly, petitioner asserts that section 508 of the Act allows an attorney to sue his own client for attorney's fees during a dissolution proceeding. Petitioner claims that because this unique privilege bestowed upon matrimonial lawyers is not available to counsel in nonmatrimonial cases, this section violates the special legislation prohibition of the Illinois Constitution. That provision states:

> "The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination." Ill. Const. 1970, art. IV, §13.

Our review, however, of the history and case law prior to the enactment of section 508 of the Act, reveals that petitioner's constitutional challenge need not be considered.

Section 508 of the Act replaces section 15 of the prior Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16). Both provisions allow reasonable attorney's fees and expenses of the proceedings in a proper case. (*Riddlesbarger v. Riddlesbarger* (1952), 348 Ill. App. 31, 107 N.E.2d 770.) Section 508 of the Act was modeled in part after section 313 of the Uniform Act. (Uniform Marriage and Divorce Act §313.) Section 313 of the Uniform Act was designed to equalize the status of the parties to the divorce proceeding. (*In re Marriage of Franks* (1975), 189 Colo. 499, 542 P.2d 845.) Likewise, the purpose of section 15 of the prior Act in Illinois has been interpreted as diminishing any advantage one spouse would have over another in preparing and presenting a proper case due to disparity in financial resources. *Thoresen v. Thoresen* (1937), 293 Ill. App. 168, 12 N.E.2d 28.

Prior to the enactment of section 508 of the Act, Illinois courts had authority to require a spouse to pay to the other costs and attorney fees incurred in the divorce action. (Ill. Rev. Stat. 1975, ch. 40, par. 16.) However, a court hearing a matrimonial matter had no authority to order a party to pay his or her own attorney's fees in that proceeding. (*In re Petition of Neiman* (1972), 8 Ill. App. 3d 454, 289 N.E.2d 715.) Instead, any attempt by an attorney to obtain fees from his client was outside the jurisdiction of the divorce court and could only be maintained by an action at law. *Pressney v. Pressney* (1950), 339 Ill. App. 371, 90 N.E.2d 119.

It is now apparent under section 508 of the Act that a court in a dissolution proceeding is authorized to adjudicate the liability of either spouse for the costs and attorney's fees necessarily incurred by the other spouse as well as for his or her own costs and attorney's fees. This procedure was obviously designed to allow the spouse with depleted

financial resources to turn to the more affluent spouse to pay his or her attorney's fees and costs incurred in the proceeding.

If an action for dissolution is dismissed, however, prior law holds that the court is without jurisdiction to later award attorney's fees. (*Watson v. Watson* (1948), 335 Ill. App. 637, 82 N.E.2d 671.) In *Watson*, the attorney for the wife in a divorce action claimed that he had acquired a right to fees as a third party for services rendered her, and that the trial court erred in dismissing the suit before his fees were determined. The court, expressing incredulity in the attorney's position, stated: "There is no justification in practice for keeping a suit alive to require the payment of alimony or solicitor's fees for which no order has been entered prior to a motion to dismiss the bill." *Watson*, 335 Ill. App. 637, 641, 82 N.E.2d 671, 673.

Turning to the record in the instant case, we note that a similar chain of events transpired. On July 3, 1978, Mary Erby's petition for dissolution was dismissed with prejudice at her husband's request. Although her former attorney, Krinsky, received no notice of the hearing that resulted in the dismissal, Mrs. Erby received notice, yet failed to contest her husband's proposed action. Nevertheless, on July 24, 1978, three weeks after the cause was dismissed, the trial court held a hearing to determine fees due to Krinsky. Both petitioner and respondent were conspicuously absent from this hearing which culminated in the award of $900 in attorney's fees to Krinsky.

■■ Although the *Watson* case was decided prior to the adoption of the Act, we find that its rationale is equally compelling to the present matter. Initially, we note that much of the case law regarding attorney's fees decided prior to the Act has been found applicable to section 508. (*Canham v. Saisi* (1978), 65 Ill. App. 3d 686, 382 N.E.2d 654.) Furthermore, it is clear that the intent of the legislature in enacting section 508 was to ensure that disparate financial resources of the spouses would not result in an undue advantage for the more affluent party to the suit. (*Thoresen; In re Marriage of Franks*.) To allow a dissolution suit to remain alive contrary to the wishes of the party, as in *Watson* and the instant case, would only serve to benefit the attorney in his or her attempt to collect fees. After a dissolution action has been dismissed, an attorney's proper remedy lies in a separate action at law, not in an adjunct hearing to the matrimonial action. Therefore, we conclude that the order of the trial court awarding attorney's fees to Krinsky was void in that it was issued after the petition for dissolution was dismissed.

■■ Petitioner failed to allege in her section 72 petition that the order of the trial court was void on the aforementioned grounds, but raised this contention on appeal. Notwithstanding, a void decree, judgment or order may be attacked at any time either directly or collaterally for want of

jurisdiction. *Bratkovich v. Bratkovich* (1962), 34 Ill. App. 2d 122, 180 N.E.2d 716.

Due to our disposition of this appeal on jurisdictional grounds, we need not discuss petitioner's other issues raised for review.

Because the order awarding attorney's fees was issued after the petition for dissolution was dismissed and is therefore void, the order denying petitioner's section 72 petition is reversed with direction to grant said petition vacating the fee order.

Reversed and remanded with directions.

SULLIVAN, P. J., and MEJDA, J., concur.