*In re* MARRIAGE OF MAURICE W. BIRT, Petitioner, and SARAH A. BIRT, Respondent (Paul P. Didzerekis, Petitioner-Appellant, v. Maurice W. Birt, Respondent-Appellee).

Second District No. 2—86—0458

Opinion filed August 14, 1987.

REINHARD, J., dissenting.

Harry Ray Chiles, Jr., of Wheaton, for appellant.

Keith E. Roberts, Sr., and Robert R. Verchota, both of Donovan & Roberts, P.C., of Wheaton, for appellee.

JUSTICE NASH delivered the opinion of the court:

Paul P. Didzerekis, an attorney, appeals from an order of the circuit court of Du Page County in case No. 84 D 3284 dismissing his petition for attorney fees and costs incurred in the preparation and presentation of a previously dismissed petition for dissolution of marriage in case No. 82 D 1142, which had been filed on behalf of his former client, Sarah A. Birt, the wife, against Maurice W. Birt, the husband.

Didzerekis raises the following issues on appeal: (1) whether the trial court incorrectly dismissed his petition for attorney fees incurred in the prior dissolution of marriage proceeding between the same parties in a separate case, and (2) whether the trial court erred in denying the petition for change of venue filed by the wife in the dissolution of marriage proceeding between those parties.

On December 21, 1984, the husband filed a petition for dissolution of marriage in this cause, No. 84 D 3284, and the wife filed a counterpetition for legal separation on February 13, 1985. The marriage was

dissolved in a judgment entered on May 28, 1985, and a judgment on the remaining issues was entered on March 17, 1986. However, on July 15, 1985, Didzerekis filed a petition for attorney fees in this cause for services rendered to the wife in a prior action for dissolution, in case No. 82 D 1142, which had been dismissed on December 20, 1984.

The petition for attorney fees alleged that Didzerekis was retained by the wife on June 7, 1982, to represent her in a dissolution of marriage action which she filed against the husband and continued to represent her on the prior action until November 28, 1983, when the wife apparently retained new counsel. He also alleged that the husband and wife had agreed in the prior action that the husband was to compensate the attorney for his work and reimburse him for his costs and expenses. Didzerekis listed his time spent on the prior case and stated that $8,894 was due to him for services and costs rendered between June 7, 1982, and November 11, 1983, when an order was entered in the previous case allowing him to withdraw as attorney. Didzerekis further represents in his appellate brief that on December 20, 1984, the trial court dismissed the first petition for dissolution of this marriage filed in case No. 82 D 1142 at the request of the parties, and the present action for dissolution of marriage was filed one day later. Although the dismissal order in the first case is not in the record of this proceeding, the husband does not dispute that the dismissal of the first case occurred on December 20, 1984.

The husband moved to dismiss Didzerekis' petition for attorney fees and costs pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). He contended that the trial court lacked jurisdiction to award in this proceeding the requested attorney fees incurred in another proceeding by one of the parties to this proceeding. After reviewing the memorandum of the parties, the trial court determined that it did not have jurisdiction to award attorney fees incurred in a different case and granted the motion dismissing the petition. The attorney appeals.

By section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 508), the legislature has provided the circuit court with the authority to award attorney fees incurred by either spouse in connection with proceedings under the Act. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 299, 483 N.E.2d 1229.) Section 508 provides as follows:

"(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his

own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse, which award shall be made in connection with the following:

(1) The maintenance or defense of any proceeding under this Act.

(2) The enforcement or modification of any order or judgment under this Act other than the enforcement of a provision for child support.

(3) The defense of an appeal of any order or judgment under this Act, including the defense of appeals of post-judgment orders.

(4) The maintenance or defense of a petition brought under Section 2—1401 of the Code of Civil Procedure seeking relief from a final order or judgment under this Act.

(5) The costs and legal services of an attorney rendered in preparation of the commencement of the proceeding brought under this Act.

(b) In every proceeding for the enforcement of an order or judgment for child support in which relief is granted to the parent having custody of the child and the court finds that the failure to pay child support was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the custodial parent's costs and reasonable attorney's fees.

(c) The court may order that the award of attorney's fees and costs hereunder shall be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the relevant party. Judgment may be entered and enforcement thereof had accordingly." Ill. Rev. Stat. 1985, ch. 40, par. 508.

Section 508 derives from section 313 of the Uniform Marriage and Divorce Act, with certain modifications, and has the objective of diminishing any advantage one spouse may have over the other in the presentation of a case due to a disparity in their respective financial resources. (Ill. Ann. Stat., ch. 40, par. 508, Historical and Practice Notes, at 635 (Smith-Hurd 1980).) Subsection (c) provides that the court may order that the award of attorney fees be paid directly to the attorney who may enforce such order in his name. (Ill. Rev. Stat. 1985, ch. 40, par. 508(c); *In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, 894-95, 502 N.E.2d 459.) The attorney has standing pursuant to section 508(c) to pursue an action for fees himself as a party in interest (150 Ill. App. 3d 890, 893, 502 N.E.2d 459; *In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 300, 483 N.E.2d 322), and sec-

tion 508(c) promotes judicial economy by eliminating the need for an attorney to bring a separate suit to collect fees from his client. *In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, 895, 502 N.E.2d 459; *In re Marriage of Pitulla* (1986), 141 Ill. App. 3d 956, 961, 491 N.E.2d 90.

Didzerekis contends that he is entitled to an award of fees for his prior legal services in the previously dismissed cause because section 508(a)(1) allows an award of attorney fees "in connection with *** [t]he maintenance or defense of any proceeding under this Act." (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)(1).) He argues that the prior lawsuit was between the same parties as in the present suit and was a proceeding in connection with a proceeding under the Act. He further maintains that the award of fees in the present cause would be consistent with the purposes of the Act and would promote judicial economy by not requiring ·a separate suit to be brought under these circumstances. Didzerekis also claims that the work he performed was in preparation of the prior proceeding, and, therefore, under section 508(a)(5), he is entitled to fees "rendered in preparation of the commencement of the proceeding brought under this Act." Ill. Rev. Stat. 1985, ch. 40, par. 508(a)(5).

The husband responds that the attorney fees and costs sought to be recovered were rendered for a period of time prior to the filing of the present action and relate to a prior dissolution of marriage action. He points out that none of the provisions of section 508 specifically authorize the award of attorney fees incurred in a prior proceeding and that the court's authority to award attorney fees is limited to its specific statutory authority. The husband argues that section 508(a)(1) is inapplicable because the attorney fees are not "in connection with" the present cause of action, and section 508(a)(5) is also inapplicable because the attorney fees were not incurred "in preparation of the commencement of" the present action. Finally, the husband maintains that once the first proceeding was dismissed, Didzerekis could only file an action at law against his former client.

Under both the prior Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.* (repealed October 1, 1977)) and under section 508(a) of the present Act, it has been held that a trial court lacks jurisdiction to award attorney fees once the action has been dismissed. (*Watson v. Watson* (1948), 335 Ill. App. 637, 82 N.E.2d 671; *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 221, 420 N.E.2d 161; *In re Marriage of Erby* (1980), 84 Ill. App. 3d 672, 676, 406 N.E.2d 79.) Nor does such jurisdiction continue beyond 30 days after entry of a final order in an action. (*In re Marriage of Rifkin* (1983), 114 Ill. App. 3d

555, 559, 449 N.E.2d 173; *In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 40, 429 N.E.2d 594; *In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, 895, 502 N.E.2d 459.) While lack of jurisdiction of parties or by reason of passage of time may be waived (*In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 40, 429 N.E.2d 594; see *In re Custody of Sexton* (1981), 84 Ill. 2d 312, 319-21, 418 N.E.2d 729), the husband has not done so in this case and resists submission to the claim for fees.

The attorney represented the wife in the first dissolution proceeding until November 11, 1983, when she retained other counsel. That proceeding continued on until December 20, 1984, when it was dismissed, and the present proceeding was apparently commenced the next day. The attorney's petition for fees was ultimately filed in this case, to which he was a stranger, on July 15, 1985, some 19 months after he ceased to represent the wife in the first proceeding.

As it has been established that the circuit court here lacked jurisdiction to consider the petition for attorney fees incurred in the dismissed proceeding, and filed more than 30 days after entry of the final order dismissing that action, we conclude that the trial court correctly dismissed the attorney's petition filed in this case.

The attorney has also argued in his brief, without citation of relevant authority, that the trial court erred in this proceeding when it denied a petition for change of venue filed by his former client, the wife. That issue is not related to the attorney fees claim from which this appeal was taken and will not be considered in this appeal.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT, J., concurs.

JUSTICE REINHARD, dissenting:

I respectfully dissent. While the majority opinion correctly states the general rule that a trial court lacks jurisdiction beyond 30 days after entry of a final order in an action, it fails to adequately address Didzerekis' arguments that sections 508(a)(1) and (5) grant him the standing to pursue his action for fees as a party in interest in the present suit.

The appellate court has held that once a dissolution of marriage proceeding has been dismissed, an attorney's only proper remedy for fees is in a separate action at law, not in an adjunct hearing to the matrimonial action. (*In re Marriage of Erby* (1980), 84 Ill. App. 3d

672, 676, 406 N.E.2d 79; see also *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 221, 420 N.E.2d 161.) It would appear that this holding applies even where the petition for fees is filed before the dismissal of the action or within 30 days of the dismissal. More recent cases, however, have held that the circuit court retains jurisdiction to hear the issue of attorney fees and to enter an award of attorney fees under section 508 after the death of a party to a dissolution of marriage proceeding while the proceedings are pending (*In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 300, 483 N.E.2d 322) or after the dismissal of the post-dissolution of marriage proceedings upon the remarriage of the parties (*In re Marriage of Conway* (1986), 139 Ill. App. 3d 1062, 1065-66, 487 N.E.2d 1240). In these later appellate court decisions, the rationale for the court's retaining jurisdiction is that the attorneys in a dissolution of marriage proceeding are parties in interest in an action for fees and have standing to pursue the action themselves. (*In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 300, 483 N.E.2d 322.) Of course, the petition for fees under these circumstances must be filed while the proceedings are pending or within 30 days after entry of a final judgment. See *In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, 895, 502 N.E.2d 459.

I agree with the husband's statement that section 508 does not contain a *specific* statutory grant of authority to award the attorney fees sought herein for legal services rendered in a previously dismissed suit. Nevertheless, the comprehensive provisions in section 508 for an award of attorney fees in connection with "any proceeding" under the Act indicate a legislative intent to authorize the circuit court to award attorney fees under the unique facts here. This is particularly so as it would promote judicial economy by eliminating the necessity of filing a separate suit for fees or a timely action in the previously dismissed suit. It is also reasonable to proceed on this petition for attorney fees in the present proceeding where the court will be considering the financial resources of the parties in distributing the property and in allocating additional attorney fees awards between the same parties, if appropriate, for their attorneys in the present action. The present action is between the same parties and encompasses the same issues as the prior suit. The present cause was filed the day after the dismissal of the prior action. The fees sought were alleged to be for legal services related to the same issues present in both proceedings. (*Cf. Sidwell v. Sidwell* (1975), 28 Ill. App. 3d 580, 585, 328 N.E.2d 595.) Under these peculiar circumstances, I conclude that the petition for fees was in connection with the maintenance or defense of "any proceeding" under the Act (Ill. Rev. Stat. 1985, ch.

40, par. 508(a)(1)) and was improperly dismissed by the trial court.

In addition, under section 508(a)(5) attorney fees may be awarded in connection with the legal services of an attorney rendered "in preparation of the commencement of the proceeding brought under this Act." (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)(5).) The fees sought here were alleged to be for legal services related to the same issues present in both proceedings. Thus, Didzerekis has made a showing in his petition that he has standing to maintain his action for attorney fees under section 508(a)(5) as well.

Of course, on remand Didzerekis will have the burden to show that the legal services for which he requests an award of attorney fees were rendered in connection with the proceeding under the Act and were reasonable. I would also add that from my observation of appellate decisions in domestic relations cases, it is not unusual for one of the parties to substitute attorneys during the trial court proceedings. If a new petition for dissolution of marriage were filed with any frequency under these circumstances, the orderly disposition of the attorney fees issue would be disrupted if, in situations like the present one, a separate proceeding was required in order to award attorney fees to the prior attorney in a previous action.