ROSAIRE M. NOTTAGE, d/b/a Nottage and Ward, Plaintiff-Appellee, v. RICHARD F. JEKA, Defendant-Appellant.

First District (3rd Division)    No. 1—94—1004

Opinion filed June 28, 1995.—Rehearing denied August 22, 1995.

236

William F. White, of White & White, of Downers Grove, for appellant.

Nottage & Ward, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Rosaire M. Nottage, an attorney, filed a common law contract action in the circuit court of Cook County to recover attorney fees from her former client, the defendant, Richard F. Jeka. Judgment was entered in favor of Nottage in a bench trial. Jeka appeals, contending that the common law contract action should have been dismissed because section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act) is the exclusive remedy for recovering attorney fees for legal services rendered under the Act. (See 750 ILCS 5/508 (West 1992).) We vacate the judgment of the circuit court of Cook County and dismiss the contract action.

Pursuant to a written retainer agreement, Nottage represented Jeka in a domestic relations action brought under the Act in the 18th Judicial Circuit, Du Page County. Nottage represented Jeka in the action from approximately April of 1989 to January of 1990, when her representation was terminated, but the action remained pending. During the pendency of the action, on May 8, 1991, Nottage filed a section 508 petition to obtain a judgment against Jeka for her attorney fees. No further action was taken on the section 508 petition.

On July 1, 1993, Nottage filed a common law contract action against Jeka in the circuit court of Cook County, Illinois, county

department, municipal division. The contract action was brought to recover fees for the legal services rendered in the proceedings filed under the Act in the Du Page County domestic relations action. The legal services which formed the basis of the contract action were the same legal services which formed the basis of the section 508 petition that had been filed in the Du Page County domestic relations action.

Jeka filed a motion to dismiss on the basis that the contract action was improper because section 508 is the exclusive remedy to obtain a judgment for attorney fees for proceedings under the Act. The motion to dismiss was denied. Jeka then filed an answer and a jury demand. In his answer Jeka claimed as a defense: "The amount now being claimed due is $4,230.72, however, the Defendant has already paid to the Plaintiff the sum of $10,514.00 which the Defendant believes more than fair and reasonable compensation for the work performed and the results obtained. The question is not whether $4,230.72 is due but rather, whether $10,514.00 is adequate payment for the services provided."

Although the jury demand appears to have been timely filed, on its own action, but over Jeka's objection, the trial court struck the jury demand. In doing so, the trial court stated orally that the reason for striking the jury demand was that the court believed its filing to be "dilatory." The case then proceeded to a bench trial. The trial judge found in favor of Nottage and entered judgment against Jeka in the amount of $4,009.72 plus costs. The amount claimed by Nottage was reduced by $221 because there was no evidence produced at trial to verify certain hours of legal service. It appears that because the case was a common law contract action, the fairness and reasonableness of the attorney fees were not determined, and no section 508 factors were considered.

We agree with Jeka that section 508 is the exclusive remedy to obtain a judgment for attorney fees for proceedings under the Act, and that the common law contract action should have been dismissed. The legislative intent and the *raison d'etre* for section 508 demand this conclusion.

Prior to the adoption of the Act (eff. October 1, 1977), matrimonial proceedings were governed by "An Act to revise the law in relation to divorce" (Divorce Act) (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*, repealed October 1, 1977). Section 8 of the Divorce Act specifically provided: "When the defendant appears and denies the charges in the plaintiff's complaint for a divorce, either party shall have the right to have the cause tried by a jury." Also, it was generally held that a court had no jurisdiction to enter a judgment in favor of an attorney against her own client in the divorce proceeding itself. There

was no provision for this in the Divorce Act. If the attorney sought a judgment for attorney fees against her own client, the attorney had to file a common law contract action separate from the divorce proceeding. See *Pressney v. Pressney* (1950), 339 Ill. App. 371, 90 N.E.2d 119; *cf. Seniuta v. Seniuta* (1977), 49 Ill. App. 3d 329, 331, 364 N.E.2d 327.

Contrary to the Divorce Act, the Act provides: "There shall be no trial by jury under this Act." (750 ILCS 5/103 (West 1992).) Also, in contrast to the Divorce Act, the Act contains section 508, which gives the trial court in the underlying action subject matter and personal jurisdiction to enter a judgment in favor of an attorney against the attorney's own client for legal services arising under the Act.

■ In addition, section 508 provides that the court from time to time, after considering the financial resources of the parties, may order any party to pay a reasonable amount for her own costs and attorney fees and for the costs and attorney fees necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or retain legal representation, expected to be incurred by any party, which award shall be made in connection with the following: (1) the maintenance or defense of any proceeding under the Act; (2) the enforcement or modification of any order or judgment under the Act; (3) the defense of an appeal of any order or judgment under the Act, including the defense of appeals of post-judgment orders; (4) the maintenance or defense of a petition brought under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)) seeking relief from a final order or judgment under the Act; and (5) the costs and legal services of an attorney rendered in preparation of the commencement of the proceeding brought under the Act. Also, section 508 provides that the court may order that the award of attorney fees and costs shall be paid directly to the attorney, who may enforce such order in her name, or that they be paid to the relevant party. Judgment may be entered and enforcement thereof had accordingly. In all instances, the recovery of attorney fees arising from matters under the Act is a part of the underlying action that was brought under the Act.

Based on the changes brought about by the adoption of the Act and the all-encompassing provisions in section 508 for determining, allocating, obtaining, enforcing and receiving a judgment for attorney fees for services rendered under the Act, the purpose of section 508 and the intent of the legislature with regard to attorney fees for services rendered under the Act are plainly evident. Likewise, it is readily apparent how the purpose and legislative intent of section 508 impact on this case.

■ One of the purposes and intentions of section 508 is to provide for the allocation of attorney fees between the parties in the underlying action so that disparate financial resources by the spouses will not result in an undue advantage to the more affluent spouse. A separate common law contract action for attorney fees, however, allows the attorney to recover fees only from the client with whom she has a retainer contract. Thus, if an attorney brings a common law contract action to recover attorney fees for services rendered under the Act, an affluent nonclient spouse escapes liability and a spouse lacking sufficient financial resources may be solely responsible for the full amount of his or her attorney fees. It follows that allowing separate common law contract actions to recover attorney fees for services rendered under the Act denies spouses lacking sufficient resources the protection the legislature intended them to have under the Act.

Another purpose and intent of section 508 is to ensure that the parties in domestic relations cases are treated fairly, *vis-a-vis* attorney fees, by having the judge who heard the underlying action determine the reasonableness of attorney fees that are charged to both spouses for services rendered under the Act. (See *Gitlin v. Hartmann* (1988), 175 Ill. App. 3d 805, 811, 530 N.E.2d 584, 588.) A judge who hears the underlying action can rely on her own firsthand experience and visual knowledge of the evidence presented to determine the value and reasonableness of attorney fees for services rendered to both spouses under the Act. On the other hand, when an attorney brings a common law contract action to recover attorney fees for services rendered under the Act, the case will be heard by a judge who lacks firsthand experience and visual knowledge of the evidence presented in the underlying action.

Also, in many instances the judge in a common law contract action may be sitting in another division of the circuit court and therefore may not have a daily familiarity with domestic relations cases and the changing nuances and charges involved in billing for legal services under the Act. Perhaps this factor itself may be an additional reason why the legislature intended to have all issues for attorney fees decided in the underlying domestic relations case.

Moreover, the issues that are generated in a common law contract action to recover attorney fees for services rendered under the Act are different than the issues generated by a section 508 petition. In the former instance, the focus is on the attorney fees relating only to a single party and the existence and terms of a retainer contract, while in the latter instance the focus is on the reasonableness of the fees charged for work done and the financial resources, or the lack

thereof, of both parties. The purpose and legislative intent of fairness with regard to attorney fees for services rendered under the Act are therefore defeated if common law contract actions are allowed to be filed for such legal services.

An additional purpose and intent of section 508 and the Act is to promote judicial economy and remove jury trials from all domestic relations matters, including all issues involving attorney fees. To allow a second court to become involved and to require another judge to hear and become knowledgeable about the issues in a domestic relations case is an unnecessary waste of judicial resources and time, and an impediment to judicial economy. Moreover, by expressly precluding jury trials in domestic relations cases, and by providing for a complete resolution of all questions involving attorney fees, including the entry of a judgment in favor of an attorney against her own client, the legislature has expressed a clear intent that no issue in a domestic relations case, including attorney fees, should be exposed before and submitted to a jury for resolution.

Another purpose and intent of section 508 is to determine and finally resolve all issues for attorney fees in domestic relations cases promptly. By having all issues involving attorney fees fully determined and resolved promptly in the underlying action, the parties can proceed with their respective lives without worrying about having the amount owed for attorney fees determined and resolved later in a common law contract action. This is one of the reasons why section 508 provides for the full determination and the entry of judgment for attorney fees against either or both parties in the underlying proceeding itself. If attorneys in domestic relations cases are allowed to file separate common law contract actions to recover attorney fees, however, they can file actions against their former clients as long as 10 years after the domestic relations matters were resolved. (See 735 ILCS 5/13—206 (West 1992).) Plainly, if attorneys are allowed to file separate common law contract actions to recover attorney fees, it thwarts the purpose and intent of section 508 to have all issues involving attorney fees in domestic relations cases decided promptly.

We must also bear in mind that before section 508 was enacted, generally an attorney could not seek or obtain a judgment for attorney fees against her own client in a pending domestic relations case. (*Cf. Seniuta v. Seniuta* (1977), 49 Ill. App. 3d 329, 331, 364 N.E.2d 327, 328 (holding that an attorney could obtain a judgment for attorney fees against his own client in the divorce division of the circuit court of Cook County where there was no objection).) Section 508 made an utter change. Section 508 specifically provides that an

attorney may obtain a judgment for attorney fees against her own client in the underlying action. By this provision, the legislature obviously intended to make all issues including judgments for attorney fees totally resolved in the underlying domestic relations actions. If separate common law contract actions to recover attorney fees for services rendered under the Act are now permitted despite section 508, the legislative intention of section 508 would be nullified.

■ For all of the reasons that we have discussed, it is clear that it would defeat the purpose and legislative intent of section 508 to allow an attorney to file a common law contract action to recover her attorney fees for legal services rendered under the Act. We therefore hold that section 508 is the exclusive remedy for attorneys to obtain a judgment for legal services rendered under the Act. Of course, the section 508 petition for fees must be filed while the proceedings in the underlying action are pending or within the 30-day period that the court retains jurisdiction after a dismissal or entry of a final order or judgment in the underlying action, or within such further time as the underlying action remains under the jurisdiction of the trial court while a timely post-trial motion is pending. *Cf. Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 468, 563 N.E.2d 459, 464-65.

Our conclusion dictates that we discuss *Watson v. Watson* (1948), 335 Ill. App. 637, 82 N.E.2d 671, and its progeny.[1] In *Watson*, while the plaintiff's attorney had a petition for attorney fees pending before the trial court, the trial court granted the plaintiff's motion to dismiss her amended complaint for divorce and refused to entertain the attorney's petition for attorney fees. The attorney appealed, claiming that the case should be remanded "with directions to the trial court to reinstate the cause and pass upon the matter of his attorney fees." The appellate court stated that when "the order was entered dismissing the cause[,] the trial court had no power to order the payment of attorney's fees for past services." (335 Ill. App. 3d at 640.) The appellate court then held: "The divorce suit was dismissed by a part of the same order that denied appellant relief and appellant had no standing in court when the order was entered." 335 Ill. App. at 642.

In the case of *In re Marriage of Erby* (1980), 84 Ill. App. 3d 672, 406 N.E.2d 79, a section 508 petition was filed while the underlying action was pending, but it was not ruled upon until after the underlying action was dismissed because of the failure of one of the spouses

---

[1]See *In re Marriage of Birt* (1987), 159 Ill. App. 3d 281, 284, 512 N.E.2d 390; *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 420 N.E.2d 161; *In re Marriage of Erby* (1980), 84 Ill. App. 3d 672, 406 N.E.2d 79.

to appear at a scheduled deposition. The appellate court held that because the section 508 order awarding attorney fees was entered after the underlying action was dismissed, it was void and had to be vacated.

It would appear from cases like *Watson* and *Erby* that even where a section 508 petition for fees is filed before the dismissal of the underlying action or within 30 days of the dismissal, the trial court lacks jurisdiction to rule on the section 508 petition. This is, however, contrary to axiomatic law and the intent of section 508.

■ It is unassailable that where a trial court has subject matter jurisdiction of a case and personal jurisdiction over the parties and their attorneys, it retains that jurisdiction until 30 days have expired from the time of a dismissal. (*Marsh*, 138 Ill. 2d at 468, 563 N.E.2d at 461; *Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 139-40, 434 N.E.2d 55, 57; see 735 ILCS 5/2—1202, 2—1203 (West 1992).) As an irrefutable corollary, so long as a section 508 petition is filed while an underlying action is pending or within 30 days from a dismissal of the underlying action, the trial court has jurisdiction to hear, decide and rule on the section 508 petition. (*Cf. In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 300, 483 N.E.2d 322; *In re Marriage of Conway* (1986), 139 Ill. App. 3d 1062, 1065-66, 487 N.E.2d 1240.) Thus, *Watson* and its progeny are plainly decided wrongly.

*Watson* and its progeny are not only decided wrongly, but the rationale upon which they are based is misguided and repugnant to the legislative intent of section 508. The *Watson* mantra was stated in *Erby* as follows: "Furthermore, it is clear that the intent of the legislature in enacting section 508 was to ensure that disparate financial resources of the spouses would not result in an undue advantage for the more affluent party to the suit. [Citations.] To allow a dissolution suit to remain alive contrary to the wishes of the party, as in *Watson* and the instant case, would only serve to benefit the attorney in his or her attempt to collect fees. After a dissolution action has been dismissed, an attorney's proper remedy lies in a separate action at law, not in an adjunct hearing to the matrimonial action. Therefore, we conclude that the order of the trial court awarding attorney's fees to Krinsky was void in that it was issued after the petition for dissolution was dismissed." *Erby*, 84 Ill. App. 3d at 676.

The flaws in the *Watson* rationale that are repeated in *Erby* are obvious. Plainly, when an attorney sues her client for attorney fees in a common law contract action after the domestic relations case is dismissed, one of the spouses remains embroiled in litigation. In addition, since that spouse's ability to pay would not be an issue in a common law contract action, that spouse could become financially devas-

tated because of the litigation with the attorney and a possible substantial adverse judgment for attorney fees. Meanwhile, the other spouse, who may be affluent, or at least have more available resources, escapes liability for the attorney fees. Moreover, by requiring the attorney to file a separate common law contract action for legal services rendered under the Act, it delays and protracts the time when *all* issues, including attorney fees, in the domestic relations action are laid to rest. It follows that the *Watson* mantra is misguided and contrary to the intent of section 508.

In addition, *Watson* and its progeny are inconsistent with other cases involving section 508 petitions. In the case of *In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 483 N.E.2d 322, the court held that although the underlying action was dismissed because of the death of one of the spouses, the trial court had jurisdiction to hear and rule upon a section 508 petition that had been filed before the dismissal. In the case of *In re Marriage of Conway* (1986), 139 Ill. App. 3d 1062, 487 N.E.2d 1240, the court held that although the underlying post-dissolution of marriage proceedings were dismissed upon the remarriage of the parties, the trial court had jurisdiction to hear and rule upon a section 508 petition that had been filed before the dismissal.

For all of the reasons that we have stated, we believe that *Watson* and its progeny should not be followed to the extent that they would not allow the trial court to hear and rule upon a section 508 petition or to the extent that they would allow a separate action to be brought to recover fees for legal services rendered under the Act.

Our holding is consistent with the rationale of the supreme court involving motions for sanctions and attorney fees pursuant to what was section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) and is now Supreme Court Rule 137.[2] In *Marsh*, the supreme court held:

> "We consider that the *Palmisano* court was correct in holding that section 2—611 claims must now be considered part of the civil action which gave rise to the claim and cannot be considered separate actions, even where such claims are brought after a final judgment has been entered on the original claim. This interpreta-

---

[2]Supreme Court Rule 137 provides: "All proceedings under this rule shall be within and part of the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney involved in the civil action in question." 134 Ill. 2d R. 137.

tion of the amendment is consistent with the committee comments to section 2—611, which state that the added provision is intended to prevent the multiplication of litigation and to ensure that claims arising under the section are resolved as part of the case which gives rise to them. ***

*** We note that this conclusion will not cause unnecessary delay. Because a section 2—611 claim is considered part of the underlying cause of action, it must be brought within 30 days of the underlying judgment or within such further time as the underlying claim remains under the jurisdiction of the trial court while a timely post-trial motion is pending." *Marsh*, 138 Ill. 2d at 467-68, 563 N.E.2d at 464-65.

Like section 2—611, section 508 is, at least in part, intended to prevent the multiplication of litigation and to ensure that claims arising under the statute are resolved as part of the case which gave rise to them. Thus, all claims for attorney fees for services rendered under the Act must be brought pursuant to section 508 and cannot be brought in a separate action.

Accordingly, the judgment of the circuit court of Cook County is vacated and the action is dismissed.

Judgment vacated and action dismissed.

TULLY and CERDA, JJ., concur.