# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Marriage of Baniak*, 2011 IL App (1st) 092017

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF KRISTINA A. BANIAK, Petitioner-Appellant, and RICHARD BANIAK, Respondent (Dean Dussias, Appellee). |
| District & No. | First District, Fifth Division<br>Docket No. 1-09-2017 |
| Filed | August 5, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court did not abuse its discretion in entering an order awarding attorney fees to petitioner's attorney in dissolution proceedings despite petitioner's arguments that the petition was not filed within 30 days of the judgment, her counsel did not seek leave to withdraw before filing the petition, no evidentiary hearing was conducted, his engagement letter was defective, and his fees were excessive. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-D-7352; the Hon. Raul Vega, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on          Cantwell & Cantwell, of Chicago (Peter A. Cantwell, Telly Stefaneas,
Appeal            and Bonnie M. Broeren, of counsel), for appellant.

                 Paul L. Feinstein, of Paul L. Feinstein, Ltd., of Chicago, for appellee.

Panel            JUSTICE HOWSE delivered the judgment of the court, with opinion.
                 Presiding Justice Fitzgerald Smith and Justice Epstein concurred in the
judgment and opinion.

## OPINION

¶ 1     Petitioner Kristina Baniak appeals from a judgment granting attorney fees to her former attorney, Dean Dussias, entered by the circuit court of Cook County resulting from Dussias' representation of Baniak in a dissolution of marriage matter. On appeal Kristina argues the trial court abused its discretion when it issued its order awarding attorney fees to Dussias because: (1) Dussias failed to file his fee petition within 30 days of entry of the judgment for dissolution of marriage as required by section 508(c)(5) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(c)(5) (West 2008)); (2) Dussias failed to seek leave to withdraw as Kristina's counsel before filing his fee petition as required by section 508(c)(1) of the Act (750 ILCS 5/508(c)(1) (West 2008)); (3) the trial court failed to conduct an evidentiary hearing on the fee petition; (4) Dussias' engagement letter is defective; (5) and Dussias' fees are excessive. For the reasons set forth below, we affirm.

¶ 2                                BACKGROUND

¶ 3     Petitioner Kristina Baniak entered into a written "Engagement Agreement" with attorney Dean Dussias for his representation in a dissolution of marriage proceeding on April 8, 2008. The cause was resolved by a marriage settlement agreement, where Kristina agreed to be solely responsible to pay her attorney fees in the matter. The trial court entered a judgment for dissolution of marriage on October 31, 2008, which incorporated the terms of the parties' marriage settlement agreement.

¶ 4     Dussias filed a petition for setting final attorney fees on December 1, 2008, a period of 31 days after the trial court entered its judgment for dissolution of marriage.

¶ 5     On December 29, 2008, the trial court granted Dussias leave to withdraw as counsel for Kristina. Kristina filed a *pro se* appearance on the fee petition matter on February 5, 2009.

¶ 6     On July 10, 2009, the trial court awarded attorney fees to Dussias in the amount of $71,347.50. Kristina filed this timely appeal of the trial court's award of attorney fees to Dussias.

¶ 7                                                     ANALYSIS

¶ 8        In this appeal Kristina claims the trial court abused its discretion when it issued its order awarding attorney fees to Dussias because: (1) the court lost subject matter jurisdiction to assess attorney fees when Dussias failed to file his fee petition within 30 days of entry of the judgment for dissolution of marriage as required by section 508(c)(5) of the Act; (2) Dussias failed to seek leave to withdraw as Kristina's counsel prior to filing his fee petition as required by section 508(c)(1) of the Act (750 ILCS 5/508(c)(1) (West 2008)); (3) the trial court failed to conduct an evidentiary hearing on the fee petition; (4) Dussias' engagement letter is defective; and (5) Dussias' fees are excessive.

¶ 9        The allowance of attorney fees and the amount awarded are matters within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *In re Marriage of Suriano*, 324 Ill. App. 3d 839, 846 (2001). A reviewing court is not justified in substituting its discretion for that of the trial court. *Id.* The question for the reviewing court is not whether it agrees with the trial court's decision; rather, the reviewing court must analyze whether the trial court, in the exercise of its discretion, acted arbitrarily without conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial injustice resulted. *Id.*

¶ 10       The question before us is one of statutory interpretation. The fundamental canon of construction is to ascertain and give effect to the intention of the legislature. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). The best indicator of legislative intent is typically the plain and ordinary meaning of the language of the statute. *Macaluso v. Macaluso*, 334 Ill. App. 3d 1043, 1047 (2002). Statutory construction is a question of law and, therefore, the standard of review is *de novo*. *Suriano*, 324 Ill. App. 3d at 846.

¶ 11       Section 508 of the Act provides circumstances under which the trial court may award necessary attorney fees to a party to a marital dissolution. *In re Marriage of Ahmad*, 198 Ill. App. 3d 15, 18 (1990). Section 508(c) provides that the court may order that the award of attorney fees be paid directly to the attorney, who may enforce such order in his name. *In re Marriage of Birt*, 159 Ill. App. 3d 281, 283 (1987). The attorney has standing pursuant to section 508(c) to pursue an action for fees himself as a party in interest and section 508(c) promotes judicial economy by eliminating the need for an attorney to bring a separate suit to collect fees from his client. *Id.* at 283-84.

¶ 12       Under section 508(c)(5) of the Act:

           "A [fee] petition *** shall be filed no later than the end of the period in which it is permissible to file a motion pursuant to Section 2-1203 of the Code of Civil Procedure." 750 ILCS 5/508(c)(5) (West 2008).

¶ 13       Under section 2-1203(a) of the Code of Civil Procedure:

           "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment ***, file a motion *** for other relief." 735 ILCS 5/2-1203(a) (West 2008).

¶ 14       Kristina claims the trial court did not have subject matter jurisdiction under section 508(c)(5) of the Act to entertain Dussias' request for attorney fees because the petition was filed more than 30 days after the court's judgment for dissolution of marriage.

-3-

¶ 15 However, our supreme court rejected the argument that the legislature can limit the actions of the court in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334-35 (2002). Our supreme court held that a court's power to act comes from Article VI of the state constitution, not the legislature. *Id.* at 335. The court is empowered by the constitution to hear all justiciable matters. *Id.* The court's authority to exercise jurisdiction and resolve a justiciable question is invoked through the filing of a complaint or petition. *Id.* Generally, a "justiciable matter" is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Id.*

¶ 16 Section 508 of the Act provides for the awarding of attorney fees. Thus, it is evident that the awarding of attorney fees within a dissolution proceeding is a justiciable matter. *In re Marriage of Pagano*, 181 Ill. App. 3d 547, 554 (1989). Moreover, the filing of a fee petition is a procedural requirement of section 508 of the Act, not a jurisdictional requirement. *Id.*

¶ 17 In *Belleville Toyota*, our supreme court offers an in-depth analysis of subject matter jurisdiction in Illinois. As the court stated in *Belleville Toyota*, the legislature may create new justiciable matters by enacting legislation that creates rights and duties that have no counterpart at common law or in equity. *Belleville Toyota*, 199 Ill. 2d at 335. Divorce did not exist at common law. *People ex rel. Christiansen v. Connell*, 2 Ill. 2d 332 (1954). Through the legislature's adoption of the Illinois Marriage and Dissolution of Marriage Act in 1977 (*In re Marriage of Van Zuidam*, 162 Ill. App. 3d 942, 944 (1987)), the legislature created a new justiciable matter. *Belleville Toyota*, 199 Ill. 2d at 335. The legislature's creation of a new justiciable matter, however, does not mean that the legislature thereby confers jurisdiction on the circuit court. *Id.* Article VI is clear that, except in the area of administrative review, the jurisdiction of the circuit court flows from the constitution. *Id.* (citing Ill. Const. 1970, art. VI, § 9). The General Assembly has no power to enact legislation that would contravene article VI. *Id.* (citing *Tully v. Edgar*, 171 Ill. 2d 297 (1996)).

¶ 18 Our supreme court in *Belleville Toyota* notes that some case law suggests that the legislature in defining a justiciable matter may impose "conditions precedent" to the court's exercise of jurisdiction that cannot be waived. *Id.* at 335. In her appellate brief, Kristina cites such cases, including *In re Marriage of Ransom*, 102 Ill. App. 3d 38, 40 (1981), *Glasco Electric Co. v. Department of Revenue*, 86 Ill. 2d 346, 352 (1981), and *City of Chicago v. Shayne*, 27 Ill. 2d 414, 418 (1963). Our supreme court rejected this view in *Belleville Toyota*, finding it contrary to article VI. The court stated:

"Characterizing the requirements of a statutory cause of action as nonwaivable conditions precedent to a court's exercise of jurisdiction is merely another way of saying that the circuit court may only exercise that jurisdiction which the legislature allows. We reiterate, however, that the jurisdiction of the circuit court is conferred by the constitution, not the legislature." *Belleville Toyota*, 199 Ill. 2d at 336.

¶ 19 The cases cited by Kristina have been deemed outdated by our supreme court. *Belleville Toyota*, 199 Ill. 2d at 335-36. As our supreme court explains in *Belleville Toyota*, jurisdiction was a purely legislative concept in the 1818 state constitution. *Id.* at 336 (citing *In re Estate of Mears*, 110 Ill. App. 3d 1133, 1134-38 (1982)). Under our former constitution, adopted

-4-

in 1870, the circuit court enjoyed "original jurisdiction of all causes in law and equity." (Internal quotation marks omitted.) *Id.* (quoting Ill. Const. 1870, art. VI, § 12). The court's jurisdiction over special statutory proceedings, *i.e.*, matters which had no roots at common law or in equity, derived from the legislature. *Id.* at 336. Thus, in cases involving purely statutory causes of action, unless the statutory requirements were satisfied, a court lacked jurisdiction to grant the relief requested. *Id.* at 336-37.

¶ 20 However, 1964 amendments to the judicial article of the 1870 constitution radically changed the legislature's role in determining the jurisdiction of the circuit court. *Id.* at 337. Under the new judicial article, the circuit court enjoyed " 'original jurisdiction of all justiciable matters, and such powers of review of administrative action as may be provided by law.' " *Id.* (quoting Ill. Const. 1870, art. VI, § 9 (amended 1964)). Thus, the legislature's power to define the circuit court's jurisdiction was expressly limited to the area of administrative review. *Id.* The current constitution, adopted in 1970, retains this limitation. *Id.* The supreme court in *Belleville Toyota* stated:

> "In light of these changes, the precedential value of case law which examines a court's jurisdiction under the pre-1964 judicial system is necessarily limited to the constitutional context in which those cases arose." *Id.*

¶ 21 The cases relied on by Kristina rely on a rule of law that has its roots in the pre-1964 judicial system. *Id.* at 338. Such rules that go to the subject matter jurisdiction of the court are no longer appropriate, unless the area is administrative review. *Id.*

¶ 22 Thus, based on *Belleville Toyota*, we cannot say the trial court here was without jurisdiction when it issued its order to award attorney fees to Dussias.

¶ 23 Furthermore, Kristina has waived the issue of the failure of Dussias to comply with the time restrictions imposed by the legislature in section 508 by failing to object to Dussias' fee petition and participating in court-ordered dispute mediation and a subsequent hearing on the petition without an objection. *In re Marriage of Lindsey-Robinson*, 331 Ill. App. 3d 261, 265 (2002).

¶ 24 Kristina next argues that Dussias failed to seek leave to withdraw as her counsel before he filed his petition for attorney fees as required by section 508(c)(1) of the Act, which provides:

> "Final hearings for attorney's fees and costs against an attorney's own client, pursuant to a Petition for Setting Final Fees and Costs of either a counsel or a client, shall be governed by the following:
>
> > (1) No petition of a counsel of record may be filed against a client unless the filing counsel previously has been granted leave to withdraw as counsel of record or has filed a motion for leave to withdraw as counsel." 750 ILCS 5/508(c)(1) (West 2008).

¶ 25 The record shows that Dussias filed his fee petition on December 1, 2008. There is no indication Dussias ever filed a motion to withdraw; however, an order granting Dussias leave to withdraw as attorney for appellant was entered on December 29, 2008. It is undisputed that Dussias' fee petition was filed while he was still the attorney of record for the appellant and before he had filed a motion to withdraw in violation of section 508(c).

¶ 26 The appellant argues that since the petition was filed in violation of section 508 it was a nullity. Appellant also argues that the subsequent withdrawal by Dussias did not cure the premature filing.

¶ 27 Dussias claims Kristina has waived this issue and in support cites *In re Marriage of Lindsey-Robinson*, 331 Ill. App. 3d 261 (2002). In that case, the former husband Jon claimed his former wife Debra's petition for contribution for attorney fees, filed after judgment was entered, was untimely filed and should have been filed prior to judgment under section 503(j) of the Act (750 ILCS 5/503(j) (West 1998)). *Lindsey-Robinson*, 331 Ill. App. 3d at 267.

¶ 28 On appeal, we agreed that under section 503(j), it was mandatory that Debra's petition for contributory fees be filed before final judgment was entered; however, the mandatory filing requirement set by the legislature were not jurisdictional prerequisites and those requirements could be waived. *Id.* at 269. We found that Jon waived the timeliness issue because he did not object and he substantively argued the merits of the petition before the trial court. *Id.* at 269.

¶ 29 In the instant case, Dussias filed his petition for fees on December 1, 2008, more than 30 days after the final judgment, and before he had either filed a motion to withdraw as attorney for the appellant or had been granted leave to withdraw on December 29, 2008, contrary to the filing requirements of section 508(c). After December 29, 2008, the appellant proceeded to litigate the issue of attorney fees on the merits without objection to the timeliness issues of the fee petition. Appellant participated in mandatory dispute resolution and a hearing on the fee petition before the judgment for fees was entered on July 29, 2009. By proceeding without objection, the appellant waived any violation of the timing requirements of section 508(c) regarding the filing of the fee petition. *Lindsey-Robinson*, 331 Ill. App. 3d 261.

¶ 30 Next, Kristina claims the trial court failed to conduct an evidentiary hearing on Dussias' fee petition. Kristina claims the record does not reflect that an actual evidentiary hearing was conducted, or that the trial court received and reviewed any testimony or exhibits. However, it is the appellant's burden, not the appellee's burden, to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. *Id.* at 392. Therefore, under *Foutch*, we must presume that the trial court's order here is in conformity with the law and had a sufficient factual basis. *Id.*

¶ 31 Next, Kristina claims Dussias' engagement letter is defective. Kristina has waived this claim because she engaged in her dissolution proceeding with Dussias as her counsel and at no time objected to Dussias' engagement letter. *Lindsey-Robinson*, 331 Ill. App. 3d 261. In regard to Kristina's claim that the "[r]ecord fails to reflect that the trial court scrutinized the validity of the engagement agreement," we must resolve any doubts which may arise from the incompleteness of the record against the appellant and presume that the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 391-92.

¶ 32 Lastly, Kristina claims Dussias' fees are excessive. Kristina claims the record is devoid

-6-

of any billing statements. However, we must resolve any doubts which may arise from the incompleteness of the record against the appellant and presume that the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Id.* In addition, Kristina has waived this claim because she engaged in the fee petition proceedings without objection. *Lindsey-Robinson*, 331 Ill. App. 3d 261.

¶ 33                                    CONCLUSION
¶ 34        For the foregoing reasons, we affirm the judgment of the trial court.

¶ 35        Affirmed.